THINGS REMEMBERED, INC. *v.* PETRARCA

No. 94–1530.    Argued October 2, 1995—Decided December 5, 1995

THOMAS, J., delivered the opinion for a unanimous Court. KENNEDY, J., filed a concurring opinion, in which GINSBURG, J., joined, *post*, p. 129. GINSBURG, J., filed a concurring opinion, in which STEVENS, J., joined, *post*, p. 131.

*Steven D. Cundra* argued the cause for petitioner. With him on the briefs were *Patricia L. Taylor, Dean D. Gamin,* and *Mark A. Gamin.*

*John C. Weisensell* argued the cause for respondent. With him on the brief were *Andrew R. Duff* and *Jack Morrison, Jr.*\*

JUSTICE THOMAS delivered the opinion of the Court.

We decide in this case whether a federal court of appeals may review a district court order remanding a bankruptcy case to state court on grounds of untimely removal.

## I

Respondent commenced this action in March 1992 by filing a four-count complaint against Child World, Inc., and Cole National Corporation in the Court of Common Pleas in Summit County, Ohio. The state action charged Child World with failure to pay rent under two commercial leases. The complaint also sought to enforce Cole's guarantee of Child World's performance under the leases. Petitioner is Cole's successor in interest.

On May 6, 1992, Child World filed a Chapter 11 petition in the United States Bankruptcy Court for the Southern Dis-

---

\*G. *Eric Brunstad, Jr.,* filed a brief for the Connecticut Bar Association, Commercial Law and Bankruptcy Section, as *amicus curiae* urging affirmance.

trict of New York. On September 25, 1992, petitioner filed notices of removal in both the United States District and Bankruptcy Courts for the Northern District of Ohio. Petitioner based its removal on the bankruptcy removal statute, 28 U. S. C. § 1452(a),[1] as well as the general federal removal statute, 28 U. S. C. § 1441(a). Petitioner also filed a motion in the District Court to transfer venue to the Bankruptcy Court in the Southern District of New York, so that respondent's guaranty claims could be resolved in the same forum as the underlying lease claims against Child World. Respondent countered by filing motions to remand in the District Court on October 23, 1992, and in the Bankruptcy Court on November 25, 1992.

The District Court consolidated all proceedings in the Bankruptcy Court on March 25, 1993. The Bankruptcy Court held that petitioner's removal was untimely under 28 U. S. C. § 1452(a) and Federal Rule of Bankruptcy Procedure 9027 but that the action had been timely removed under 28 U. S. C. §§ 1441 and 1446. The court concluded that removal was proper and that it had jurisdiction over the removed case. The court then granted petitioner's motion to transfer venue to the Bankruptcy Court in the Southern District of New York.

Respondent appealed to the District Court in the Northern District of Ohio. The District Court found removal under both §§ 1441(a) and 1452(a) to be untimely and held that the Bankruptcy Court lacked jurisdiction over the case.

---

[1] Section 1452 provides:

"(a) A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

"(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals . . . or by the Supreme Court . . . ."

The District Court reversed the judgment of the Bankruptcy Court and remanded to that court for further proceedings consistent with the District Court's opinion.[2]

Petitioner appealed the District Court's order to the Court of Appeals for the Sixth Circuit. In an unpublished disposition, the Sixth Circuit held that §§ 1447(d) and 1452(b) barred appellate review of the District Court's remand order. The Court of Appeals then dismissed the appeal for lack of jurisdiction. Judgt. order reported at 65 F. 3d 169 (1994). We granted certiorari, 514 U. S. 1095 (1995), and now affirm.

## II

Congress has placed broad restrictions on the power of federal appellate courts to review district court orders remanding removed cases to state court. The general statutory provision governing the reviewability of remand orders is 28 U. S. C. § 1447(d). That section provides:

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise."

As we explained in *Thermtron Products, Inc.* v. *Hermansdorfer,* 423 U. S. 336 (1976), § 1447(d) must be read *in pari materia* with § 1447(c), so that only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d). *Id.,* at 345–346. As long as a district court's remand is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction—the grounds for remand recognized by § 1447(c)—a court of appeals lacks juris-

---

[2] The District Court's order left the Bankruptcy Court with no option but to remand the case to state court. The parties and the Court of Appeals for the Sixth Circuit are in agreement that the District Court's order in this case was equivalent to a remand to state court.

diction to entertain an appeal of the remand order under § 1447(d).

Section 1447(d) bars appellate review of the remand order in this case. As noted, § 1447(d) precludes appellate review of any order "remanding a case to the State court from which it was removed." The parties do not dispute that the District Court's order remanded this case to the Ohio state court from which it came. There is also no dispute that the District Court remanded this case on grounds of untimely removal, precisely the type of removal defect contemplated by § 1447(c).[3] Section 1447(d) thus compels the conclusion that the District Court's order is "not reviewable on appeal or otherwise." See *Gravitt* v. *Southwestern Bell Telephone Co.*, 430 U. S. 723 (1977) *(per curiam).*

We reach the same conclusion regardless of whether removal was effected pursuant to § 1441(a) or § 1452(a). Section 1447(d) applies "not only to remand orders made in suits removed under [the general removal statute], but to orders of remand made in cases removed under *any other statutes,* as well." *United States* v. *Rice,* 327 U. S. 742, 752 (1946) (emphasis added).[4] Absent a clear statutory command to the contrary, we assume that Congress is "aware of the universality of th[e] practice" of denying appellate review of remand orders when Congress creates a new ground for removal. *Ibid.*

---

[3] Section 1447(c) requires that a motion to remand for a defect in removal procedure be filed within 30 days of removal. Petitioner removed this case to federal court on September 25, 1992. Respondent filed motions to remand in the District Court on October 23, 1992, and in the Bankruptcy Court on November 25, 1992. Respondent's motion to remand filed in the District Court was sufficient to bring this case within the coverage of § 1447(c).

[4] *Rice* interpreted the predecessor statute to § 1447(d). The current version of § 1447(d) is a recodification of the provision reviewed in *Rice* and is "intended to restate the prior law with respect to remand orders and their reviewability." *Thermtron Products, Inc.* v. *Hermansdorfer,* 423 U. S. 336, 349–350 (1976).

There is no express indication in § 1452 that Congress intended that statute to be the exclusive provision governing removals and remands in bankruptcy. Nor is there any reason to infer from § 1447(d) that Congress intended to exclude bankruptcy cases from its coverage. The fact that § 1452 contains its own provision governing certain types of remands in bankruptcy, see § 1452(b) (authorizing remand on "any equitable ground" and precluding appellate review of any decision to remand or not to remand on this basis), does not change our conclusion. There is no reason §§ 1447(d) and 1452 cannot comfortably coexist in the bankruptcy context. We must, therefore, give effect to both. *Connecticut Nat. Bank* v. *Germain*, 503 U. S. 249, 253 (1992).

If an order remands a bankruptcy case to state court because of a timely raised defect in removal procedure or lack of subject-matter jurisdiction, then a court of appeals lacks jurisdiction to review that order under § 1447(d), regardless of whether the case was removed under § 1441(a) or § 1452(a). The remand at issue falls squarely within § 1447(d), and the order is not reviewable on appeal.

The judgment of the Court of Appeals for the Sixth Circuit is affirmed.

*It is so ordered.*

JUSTICE KENNEDY, with whom JUSTICE GINSBURG joins, concurring.

I join the Court's opinion but write to point out that *Thermtron Products, Inc.* v. *Hermansdorfer*, 423 U. S. 336 (1976), has itself been limited by our later decision in *Carnegie-Mellon Univ.* v. *Cohill*, 484 U. S. 343 (1988). As I understand the opinion we issue today, our reliance on *Thermtron* to hold that 28 U. S. C. § 1447(d) prohibits appellate review of this remand pursuant to § 1447(c) (whether or not removal was effected pursuant to § 1441(a) or § 1452(a)) is not intended to bear upon the reviewability of *Cohill* orders.

In *Thermtron*, we held that a District Court had exceeded its authority when it remanded a case on grounds not permitted by § 1447(c). 423 U. S., at 345. We further held that the prohibition of appellate review in § 1447(d) does not bar review of orders outside the authority of subsection (c), reasoning that subsections (c) and (d) were to be given a parallel construction. *Id.*, at 345–350. We observed that a remand order other than the orders specified in subsection (c) had "no warrant in the law" and could be reviewed by mandamus. *Id.*, at 353.

In *Cohill, supra,* we qualified the first holding of *Thermtron.* We held that, notwithstanding lack of express statutory authorization, a district court may remand to state court a case in which the sole federal claim had been eliminated and only pendent state-law claims remained. We did not find it necessary to decide whether subsection (d) would bar review of a remand on these grounds, for we affirmed the denial of mandamus by the Court of Appeals. 484 U. S., at 357.

Despite the broad sweep of § 1447(d), which provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," various Courts of Appeals have relied on *Thermtron* to hold that § 1447(d) bars appellate review of § 1447(c) remands but not remands ordered under *Cohill.* See, *e. g., Bogle* v. *Phillips Petroleum Co.,* 24 F. 3d 758, 761 (CA5 1994); *In re Prairie Island Dakota Sioux,* 21 F. 3d 302, 304 (CA8 1994) *(per curiam); Nutter* v. *Monongahela Power Co.,* 4 F. 3d 319, 322–323 (CA4 1993) (dicta); *In re Glass, Molders, Pottery, Plastics & Allied Workers Int'l Union, Local No. 173,* 983 F. 2d 725, 727 (CA6 1993); *Rothner* v. *Chicago,* 879 F. 2d 1402, 1406 (CA7 1989); cf. *In re Amoco Petroleum Additives Co.,* 964 F. 2d 706, 708 (CA7 1992) ("*Thermtron* holds that § 1447(d) does not mean what it says . . ."). The issues raised by those decisions are not before us.

JUSTICE GINSBURG, with whom JUSTICE STEVENS joins, concurring.

Congress, as I read its measures, twice made the remand order here at issue "not reviewable by appeal." Congress did so first in the prescription generally governing orders "remanding a case to the State court from which it was removed," 28 U. S. C. § 1447(d); Congress did so again in § 1452(b) when it authorized the remand of claims related to bankruptcy cases "on any equitable ground."

Section 1452(b) is most sensibly read largely to supplement, and generally not to displace, the rules governing cases removed from state courts set out in 28 U. S. C. § 1447. Section 1447(d) encompassingly prescribes that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, [excepting only orders remanding civil rights cases removed pursuant to 28 U. S. C. § 1443]." The Court persuasively explains why § 1452 does not negate the application of § 1447(d) to bankruptcy cases. Accordingly, the Court holds § 1447(d) dispositive, and I agree with that conclusion. But I am also convinced that § 1452(b) independently warrants the judgment that remand orders in bankruptcy cases are not reviewable. I write separately to state my reasons for that conviction.

Section 1452(b) broadly provides for district court remand of claims related to bankruptcy cases "on any equitable ground," and declares that the remanding order is "not reviewable by appeal or otherwise."[1] Congress, when it

---

[1] This case concerns, and I address in this opinion, only orders *remanding* claims "related to" bankruptcy cases. Section 1452(b) also encompasses decisions "to not remand" claims related to bankruptcy cases. The § 1452(b) coverage of decisions "to not remand" resembles a prescription in 28 U. S. C. § 1334, the root jurisdictional provision governing "Bankruptcy cases and proceedings." Section 1334(c)(2) renders unreviewable district court decisions "to abstain or not to abstain" from adjudi-

added § 1452 to the Judicial Code chapter on removal of cases from state courts—a chapter now comprising 28 U. S. C. §§ 1441–1452—meant to enlarge, not to rein in, federal trial court removal/remand authority for claims related to bankruptcy cases. The drafters, it bears emphasis, expressly contemplated that remand orders for claims related to bankruptcy cases "would not be appealable"; in particular, they reported that bankruptcy forum remands would be unreviewable *"in the same manner* that an order of the United States district court remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."  H. R. Rep. No. 95–595, p. 51 (1977) (emphasis added).[2]

The lawmakers chose the capacious words "any equitable ground" with no hint whatever that they meant by their word choice to recall premerger distinctions between law

---

cating state-law claims merely "related to" a bankruptcy case, *i. e.,* claims that do not independently qualify for federal-court jurisdiction.

Of course, every federal court, whether trial or appellate, is obliged to notice want of subject-matter jurisdiction on its own motion.  See, *e. g., Mansfield, C. & L. M. R. Co.* v. *Swan,* 111 U. S. 379, 382 (1884).  An interlocutory decision "to not remand," therefore, although not *per se* reviewable, would leave open for eventual appellate consideration—also and earlier for district court reconsideration—any question of the court's subject-matter jurisdiction.  See, *e. g., Sykes* v. *Texas Air Corp.,* 834 F. 2d 488, 492, n. 16 (CA5 1987) ("When the district court decides to *retain* a case in the face of arguments that it lacks jurisdiction, the decision itself is technically unreviewable; but of course the appellate court reviewing any other aspect of the case must remand for dismissal if the refusal to remand was wrong, *i. e.,* if there is no federal jurisdiction over the case.") (emphasis in original).

[2] After the Court held inconsonant with Article III the Bankruptcy Act's broad grant of jurisdiction to bankruptcy judges, see *Northern Pipeline Constr. Co.* v. *Marathon Pipe Line Co.,* 458 U. S. 50, 87 (1982), Congress transferred supervisory jurisdiction over bankruptcy cases to Article III courts and retained for the district courts the broad removal/remand authority the Act initially gave to bankruptcy courts.  See Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub. L. 98–353, 98 Stat. 333.

and equity, and thereby to render reviewable bankruptcy case remand orders based on "law." In legal systems that never separated pleadings and procedure along law/equity lines, and not infrequently in our own long-merged system, "equitable" signals that which is reasonable, fair, or appropriate. Dictionary definitions of "equitable" notably include among appropriate meanings: "just and impartial," American Heritage Dictionary 622 (3d ed. 1992); also "dealing fairly and equally with all concerned," Webster's Ninth New Collegiate Dictionary 421 (1983). As Circuit Judge Easterbrook observed:

> "[T]he distinction between law and equity was abolished long ago in federal cases. Nothing in the history of the bankruptcy code suggests that Congress wanted to resuscitate it. Courts must separate 'legal' from 'equitable' grounds in 1789 on command of the seventh amendment. This task has little but the sanction of history to recommend it and is possible only because law versus equity was an intelligible line in the eighteenth century. In 1978, when Congress enacted the predecessor to § 1452, there was no law-equity distinction. 'Equitable' in § 1452(b) makes more sense if it means 'appropriate.'" *Hernandez* v. *Brakegate, Ltd.,* 942 F. 2d 1223, 1226 (CA7 1991).

Cf., *e. g., Hilton Davis Chemical Co.* v. *Warner-Jenkinson Co.,* 62 F. 3d 1512, 1521 (CA Fed. 1995) ("The term 'equitable' can have many meanings. . . . [I]n doctrine of equivalents cases, this court's allusions to equity invoke equity in its broadest sense—equity as general fairness."); *United States* v. *BCCI Holdings (Luxembourg), S. A.,* 46 F. 3d 1185, 1189, 1190 (CADC 1995) (rejecting the argument that Congress used the expression "*legal* right, title, or interest" in 18 U. S. C. § 1963(*l*)(6)(A) "to draw the ancient, but largely ignored, distinction between technically legal and techni-

cally equitable claims in forfeiture challenges") (emphasis in original).

It seems to me entirely appropriate—and, in that sense, equitable—to remand a case for failure promptly to remove. Indeed, counsel for petitioner recognized the potential for manipulation inherent in his proffered distinction between statutory time limits ("legal" limits) on the one hand and, on the other, court-made determinations that a procedural move is untimely because pursued without due expedition ("equitable" assessments). At oral argument, the following exchange occurred:

> "QUESTION: Suppose the judge in this case said, I'm not 100 percent sure about strict time limit, but I think you should have come here sooner, so for equitable reasons I'm remanding this because I think you dawdled— an equitable notion like laches . . .—that would not be reviewable, right?
>
> "MR. CUNDRA: That is correct.
>
> "QUESTION: So it's the judge's label, what he wants to put on it. He can make it immune from review if he says, laches.
>
> "MR. CUNDRA: Yes.
>
> "QUESTION: But it's reviewable if he says, time bar under the statute.
>
> "MR. CUNDRA: Yes." Tr. of Oral Arg. 15–16.

As Circuit Judge Gee remarked in relation to this very issue, it "make[s] little sense" to rest reviewability *vel non* on the tag the trial court elects to place on its ruling. *Sykes* v. *Texas Air Corp.*, 834 F. 2d 488, 492 (CA5 1987).

Interpreting § 1452(b) as fully in sync with § 1447(d) on the nonreviewability of remand orders, we stress, secures the uniform treatment of all remands, regardless of the party initiating the removal or the court from which the case is removed. Cf. *Pacor, Inc.* v. *Higgins*, 743 F. 2d 984, 991–992

(CA3 1984) (refusing to apply § 1447(d) in bankruptcy cases because, *inter alia*, removals under §§ 1441–1447 may be initiated only by defendants and are from state courts only, while § 1452 authorizes removals by "a party" and applies to cases originally filed in federal as well as state tribunals). A restrictive definition of what is "equitable" could invite wasteful controversy over the reviewability of bankruptcy case remand orders that are not reached by § 1447 and rest on grounds a common-law pleader might type "legal." It would show little respect for the legislature were courts to suppose that the lawmakers meant to enact an irrational scheme. Cf. *John Hancock Mut. Life Ins. Co.* v. *Harris Trust and Sav. Bank*, 510 U. S. 86, 94–95 (1993) (Court's examination of statutory language is "guided not by a single sentence or member of a sentence, but look[s] to the provisions of the whole law, and to its object and policy.") (internal quotation marks omitted) (quoting *Pilot Life Ins. Co.* v. *Dedeaux*, 481 U. S. 41, 51 (1987)); *Deal* v. *United States*, 508 U. S. 129, 132 (1993) (It is a "fundamental principle of statutory construction (and, indeed, of language itself) that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used.").

Moreover, even if jurisdictional and procedural defects were excluded from the "equitable ground" category, that would not force a construction of § 1452(b) calling for different results depending on the party initiating the removal or the court from which a claim is removed. The phrase "any equitable ground" in § 1452(b) sensibly can be read to relate not to the basis for the district court's refusal to entertain a case (as my discussion up to now has assumed), but rather to the basis for *remanding*. Ordinarily, a district court unable to hear a claim, because of lack of jurisdiction or some other legal hindrance, has no choice but to dismiss. Section 1452(b), under the construction advanced in this paragraph, provides an alternative to dismissal (as well as an alternative

to proceeding with the case though all the legal requirements are met), by authorizing remands as fairness warrants, *i. e.*, when a remand would be "equitable."

In sum, a "strong congressional policy against review of remand orders," *Sykes*, 834 F. 2d, at 490, underlies §§ 1447(d) and 1452(b). Courts serve the legislature's purpose best by reading § 1452(b) to make sense and avoid nonsense, and to fit harmoniously within a set of provisions composing a coherent chapter of the Judicial Procedure part of the United States Code. Cf. *United Sav. Assn. of Tex.* v. *Timbers of Inwood Forest Associates, Ltd.*, 484 U. S. 365, 371 (1988) (statutory term "that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme," for example, when "only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law") (citations omitted). Thus the Sixth Circuit, I conclude, correctly ruled that neither § 1452(b) nor § 1447(d) permits the assertion of appellate jurisdiction in this case.