**Angela CASSIDY, Plaintiff,**

v.

**WYETH–AYERST LABORATORIES DIVISION OF AMERICAN HOME PRODUCTS CORPORATION, et al., Defendants.**

**Civil Action No. 99–T–114–S.**

United States District Court,
M.D. Alabama,
Southern Division.

March 26, 1999.

F. Hilton–Green Tomlinson, James G. Henderson, Pritchard, McCall & Jones, Birmingham, AL, George M. Fleming, James L. Doyle, II, Rand P. Nolen, Fleming, Hovenkamp & Grayson, PC, Houston, TX, for Angela Cassidy.

Tony G. Miller, Maibeth J. Porter, Katharine A. Weber, Marcie E. Paduda, Maynard, Cooper & Gale, P.C., Birmingham, Ellen Steury, Steven G. Reade, Arnold & Porter, Washington, DC, for Wyeth–ayerst Laboratories Division of American Home Products Corporation, American Home Products Corporation, A.H. Robins Co., Inc.

James C. Barton, Jr., Johnston, Barton, Proctor & Powell, Birmingham, AL, Edward S. Weltman, Jonathan I Price, Schneck Weltman & Hashmall, LLP, New York City, for Gate Pharmaceuticals.

John S. Bowman, Jr., Balch & Bingham, Montgomery, AL, R. Bruce Barze, Jr., Balch & Bingham, Birmingham, AL, for MCR/American Pharmaceuticals, Inc.

Frank C. Woodside, III, Nancy J. Gill, Dinsmore & Shohl, Cincinnati, OH, James W. Gewin, Fred M Haston, III, Bradley, Arant, Rose & White, Birmingham, AL, for Rugby Laboratories, Inc.

Frank Johnston Stakely, Rushton, Stakely, Johnston & Garrett, Montgomery, AL, for Dr. John W. Sabatine.

## ORDER

MYRON H. THOMPSON, District Judge.

Plaintiff Angela Cassidy filed this lawsuit in state court alleging defects in three prescription drugs—fenfluramine, dexfenfluramine, and phentermine—used in the treatment of obesity. Cassidy named a number of defendants, including but not

limited to the following: MCR/American Pharmaceuticals, Inc.; Camall Company; Rugby Laboratories, Inc.; and Qualitest Pharmaceuticals, Inc. MCR removed this lawsuit from state to federal court pursuant to 28 U.S.C.A. §§ 1441 & 1452, based on the allegation that the state-law claims are related to a bankruptcy proceeding. This lawsuit is now before the court on Cassidy's motion to remand. For the reasons given below, the motion will be granted.

## I. BACKGROUND

*September 1998:* Cassidy filed this lawsuit in the Circuit Court of Dale County, Alabama, naming Rugby, Qualitest, and Camall, among others, as defendants. Rugby and Qualitest brought cross-claims for contractual and common-law indemnity against Camall. Camall, according to Rugby and Qualitest, manufactured the phentermine they had distributed.

*January 4, 1999:* At Cassidy's request, the state court dismissed her claims against Camall and Qualitest. On the same day, Camall initiated bankruptcy proceedings in the United States Bankruptcy Court for the Eastern District of Michigan.

*January 6, 1999:* Cassidy added MCR as a defendant.

*January 27, 1999:* MCR filed an answer, but was unable to assert contractual and common-law-indemnity cross-claims against Camall because of the pending bankruptcy proceedings. As had Rugby and Qualitest, MCR had purchased all of its phentermine from Camall.

*February 5, 1999:* MCR removed the entire state-court proceeding to this federal court pursuant to 28 U.S.C.A. §§ 1441 & 1452.

*February 10, 1999:* Cassidy filed a motion to remand this lawsuit back to state court contending that this court should exercise its discretion to remand pursuant to 28 U.S.C.A. §§ 1334(c)(1) & 1452(b).

*March 16, 1999:* The Judicial Panel on Multidistrict Litigation, based on notice furnished to the panel by MCR, entered a "conditional" order transferring this case to the United States District Court for the Eastern District of Pennsylvania "for coordinated and consolidated pretrial proceedings" with similar cases from around the nation. That order will become effective on March 31, 1999, unless this court remands this case back to state court in the meantime.

*March 18, 1999:* This court, at the request of Cassidy, dismissed Rugby as a defendant.

## II. DISCUSSION

MCR contends that removal jurisdiction is proper pursuant to 28 U.S.C.A. § 1452(a) because one of the former defendants, Camall, is in bankruptcy. This subsection, in general, allows for removal of claims related to bankruptcy cases. Section 1452(a) provides that "A party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."

Subsection (a) of § 1334 provides that "Except as provided in subsection (b) of this section, the district court should have original and exclusive jurisdiction of all cases under title 11," and subsection (b) provides that "notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Section 1334 therefore lists four types of matters over which district courts have jurisdiction: "cases under title 11," "proceedings arising under title 11," proceedings "arising in" a case under title 11, and proceedings "related to" a case under Title 11. The first category refers merely to the bankruptcy petition itself, over which district courts have original and exclusive jurisdiction. MCR therefore contends that removal of Cassidy's state-law

claims is appropriate under § 1452(a) and, in turn, under § 1334(b), which provides for jurisdiction as to all other bankruptcy-related matters.

Cassidy responds that the state-law claims are not proceedings within the meaning of § 1334(b). For purposes of determining whether a particular matter falls within bankruptcy jurisdiction, if a matter is at least "related to" the bankruptcy, it is not necessary to distinguish between proceedings "arising under," "arising in a case under," or "related to" a case under Title 11. These references operate conjunctively to define the scope of jurisdiction, and the "related to" jurisdiction would consume the others. The court will therefore assume that Cassidy's state-law claims are at least "related to" Camall's petition in bankruptcy. ·

Cassidy argues, however, that even if the state-law claims fall within § 1334(b) coverage, this court should abstain from hearing these claims pursuant to § 1334(c)(1) & (2) and should then remand this lawsuit back to state court pursuant to § 1452(b). Subsection (c)(1) of § 1334, which allows for "discretionary abstention," provides that "Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." Subsection (c)(2) of § 1334 requires "mandatory abstention." [1] Because the court concludes that "discretionary abstention" is appropriate, it need not reach whether "mandatory abstention" is required.

■ Subsection (c)(1) is "somewhat oblique in delineating the criteria that would support a discretionary decision to abstain." *Matter of Chicago, Milwaukee, St.*

*Paul & Pacific R.R. Co.,* 6 F.3d 1184, 1189 (7th Cir.1993). The statute speaks only in the most general terms of the "interest of justice," the "interest of comity," and "respect for State law." However, a number of relevant factors have been identified to guide courts in determining whether discretionary abstention is appropriate: the effect, or lack thereof, on the efficient administration of the bankruptcy estate if the discretionary abstention is exercised; the extent to which state-law issues predominate over bankruptcy issues; the difficulty or unsettled nature of the applicable state law; the presence of related proceedings commenced in state court or other non-bankruptcy courts; the jurisdictional basis, if any, other than § 1334; the degree of relatedness or remoteness of the proceedings to the main bankruptcy case; the substance rather than the form of an asserted "core" proceeding; the feasibility of severing state-law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court; the burden on the bankruptcy court's docket; the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; the existence of the right to a jury trial; and the presence in the proceeding of non-debtor parties. *Id.*

"Courts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstance of each case, and no one factor is necessarily determinative." *Id.* Because "section 1334(c)(1) is concerned with comity and respect for state law, whether a case involves unsettled issues of state law is always significant." *Id. See also Carver v. Carver,* 954 F.2d 1573, 1579 (11th Cir.) ("The court may abstain upon the request

---

1. Subsection (c)(2) provides that:
   "Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if any action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction."

of a party or *sua sponte*. 'The abstention provisions ... demonstrate the intent of Congress that concerns of comity and judicial convenience should be met, not by rigid limitations on the jurisdiction of federal courts, but by the discretionary exercise of abstention when appropriate in a particular case' ") (quoting *In re Wood*, 825 F.2d 90, 93 (5th Cir.1987)), *cert. denied*, 506 U.S. 986, 113 S.Ct. 496, 121 L.Ed.2d 434 (1992).

■ The court is convinced that these factors support discretionary abstention in this case. There are a significant number of non-debtor parties present in this case; state-law issues greatly predominate over any bankruptcy issues in this lawsuit; there is no evidence that abstention would have an adverse effect on the efficient administration of the bankruptcy estate; there is no jurisdictional basis other than § 1334; and a number of substantial and complex state-law claims are presented.

Subsection (b) of § 1452 further provides that the court may remand a claim or lawsuit "on any equitable ground."[2] "Any equitable ground" in § 1452(b) "signals that which is reasonable, fair, or appropriate." *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 132, 116 S.Ct. 494, 499, 133 L.Ed.2d 461 (1995) (Ginsburg, J., concurring). This court believes that equity warrants remand of this case for the same reasons given in support of discretionary abstention.

MCR responds that the court should, instead, allow this case to be transferred to the District Court in Pennsylvania pursuant to the order of the Judicial Panel on Multidistrict Litigation entered on March 16, 1999. MCR contends that a transfer is "necessary to avoid potentially burdensome and duplicative discovery, and to avoid conflicting pretrial rulings and the resulting prejudice to MCR and the other parties in the centralized proceeding."[3] MCR overstates its case. It is apparent that the real reason behind the removal of this case from state court to federal court is not the relatedness of the case to any bankruptcy proceeding, but rather is to make this case a part of the multidistrict litigation in Pennsylvania. In other words, the removal is a fraud, a pretext for other reasons which would not independently support removal. MCR's argument, if anything, reinforces the court's conclusion that it should abstain and this case should be remanded.

## III.  CONCLUSION

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff Angela Cassidy's motion to remand or, in the alternative, to abstain and remand, filed on February 11, 1999, is granted, and that, pursuant to 28 U.S.C.A. §§ 1447(c) & (e) & 1452(b), this cause is remanded to the Circuit Court of Dale County, Alabama.

It is further ORDERED that all other pending motions are left for disposition by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

---

2. Subsection (b) of § 1452 provides:
   "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title."

3. Response filed by MCR on March 23, 1999, at 4–5.