In re FIRST ALLIANCE MORTGAGE COMPANY, a California corporation; First Alliance Corporation, a Delaware corporation; First Alliance Mortgage Company, a Minnesota corporation; and First Alliance Portfolio Services, a Nevada Corporation, Debtors.

Federal Trade Commission, Plaintiff,

v.

First Alliance Mortgage Company, a California corporation; First Alliance Corporation, a Delaware corporation; First Alliance Mortgage Company, a Minnesota corporation; and Brian Chisick, Defendants,

Sarah Chisick, Relief Defendant.

No. SA CV 00–964 DOC (EEx).

Bankruptcy Nos. SA 00–12370 LR, SA 00–12371 LR, SA 00–12372 LR, SA 00–12373 LR.

Adversary No. SA 00–1659 LR.

United States District Court, C.D. California.

Oct. 16, 2001.

Barbara Y. K. Chun, Kenneth H. Abbe, Federal Trade Commission, Los Angeles, CA, Bonnie S. Kartzman, Julie K. Brof, Jeanne-Marie S. Raymond, John A. Krebs, Anne M. McCormick, Marilyn E. Kerst, Federal Trade Commission, Washington, DC, for Federal Trade Commission, plaintiff.

Evan C. Borges, William N. Lobel, Albert Byung Choi, Michael D. Neue, Irell & Manella, Newport Beach, CA, for First Alliance Mortgage Company, a California corporation, First Alliance Corporation, a Delaware corporation, First Alliance Mortgage Company, a Minnesota corporation, defendants.

Ronald Rus, Joel S. Miliband, Leo J. Presiado, Jame P. Mascaro, Rus Miliband & Smith, Irvine, CA, for Brian Chisick, defendant.

Stuart P. Jasper, Jasper & Jasper, Irvine, CA, for Sarah Chisick, defendant.

Herschel T. Elkins, CAAG-Office of Attorney General of California, Los Angeles, CA, James D. Newbold, ILAG-Illinois Attorney, General Law Bureau, Chicago, ILL, Thomas P. James, ILAG-Illinois Attorney General, Chicago, IL, for People of State of Illinois, plaintiff.

## ORDER RE SUBJECT MATTER JURISDICTION

CARTER, District Judge.

Before the Court is the motion by First Alliance Mortgage Company,[1] First Alliance Corporation, a Delaware corporation; First Alliance Portfolio Services (collectively First Alliance)[2] for an order determining that the Court has jurisdiction over the claims of first various current and former officers and employees of First Alliance who are named, along with First Alliance, as defendants in various lawsuits

---

1. Two separate entities in this litigation are named First Alliance Mortgage Company. One is a California Corporation, the other a Minnesota Corporation. As indicated by their names and the joint administration of these cases, both entities are substantially related.

2. The parties also refer to First Alliance as "FAMCO" or "Related Debtors."

now pending.[3] After reviewing the moving and responding papers, and oral arguments on October 15, 2001, and for the reasons set forth below, the Court GRANTS the motion.[4]

## I.

## BACKGROUND

First Alliance has been in the business of subprime mortgage lending since 1971. First Alliance's customers generally were borrowers who would have had difficulty obtaining loans from conventional sources because of poor credit ratings or insufficient credit histories. The loans, many of which were refinancings by homeowners who had developed significant equity in their homes, typically were secured by the borrowers' first mortgages. As of 1999, First Alliance or affiliated entities were licensed to operate in eighteen states and the District of Columbia and serviced nearly $900 million in loans.

In recent years, a number of lawsuits were filed against First Alliance, alleging that its lending practices violated various consumer protection laws. First Alliance's lending practices became the focus of national publicity when the *New York Times* and the television program "20/20" carried stories that exposed the company's allegedly deceptive practices and highlighted the number of lawsuits that had been filed against it. A few days later, on March 23, 2000, First Alliance filed a voluntary petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101–1330, because of

the costs associated with the growing number of lawsuits.

On October 3, 2000, the Federal Trade Commission brought this action for violation of federal lending laws. Several other litigants pursued their claims against First Alliance in the bankruptcy proceedings. The states of California, Illinois, Arizona, New York, Florida, and Massachusetts filed either proofs of claim or adversary complaints against First Alliance. The AARP, the "California Six" (consisting of Velda Durney, Lucrecia Wilder, Mary Ryan, Ida Mae Forrest,[5] Carol Hong, and Henry Hong), and two sets of class action claimants (consisting of Jacqueline Bowser, Irene Huston Frank G. Aiello, Nicolena Aiello, Paul Carabetta, Lenore Carabetta, Vito Cicci, Stella Cicci, Veronica Maines, Thaddeus Zychlinski, and Marissa Zychlinski as the named plaintiffs) brought adversary proceedings again. After various procedural maneuvers, this Court withdrew the reference to the Bankruptcy Court and consolidated those matters into the present action. *See FTC v. First Alliance Mortgage Co. (In re First Alliance Mortgage Co.)*, 264 B.R. 634 (C.D.Cal. 2001); *FTC v. First Alliance Mortgage Co.*, No. SA CV 00–1174 DOC (Eex) (Apr. 30, 2001) (Slip Op.); *AARP v. First Alliance Mortgage Co. (In re First Alliance Mortgage Co.)*, No SA CV 01–541 DOC (Sept. 24, 2001) (Slip Op.).

The remaining lawsuits against First Alliance were stayed under the provisions of the automatic stay. *See* 11 U.S.C. § 362. However, many of these suits were also

---

**3.** The specific lawsuits are enumerated in the attached matrix of lawsuits. This matrix also includes a complaint pending in the Bankruptcy Court in this district and the present case, which the Court does not address here.

**4.** In its replying papers, and again at oral argument, the State of California requested leave to file an amended pleading in this

matter, to effectuate this order. Accordingly, the State of California's request to file an amended pleading is GRANTED.

**5.** The Court is informed that both Ms. Ryan and Ms. Forrest have passed away during the pendency of this case. Their estates continue the actions in their name.

prosecuted against several current or former First Alliance Officers (the Individual Defendants), including Brian Chisick, First Alliance's founder and majority stockholder. Suits brought by states against First Alliance and the individual defendants were allowed to proceed pursuant to the police powers exception to the automatic stay, 11 U.S.C. § 362(b)(4). *FTC v. First Alliance Mortgage Co. (In re First Alliance Mortgage Co.)*, 264 B.R. at 651. On April 27, 2000, the Bankruptcy court entered a preliminary injunction prohibiting suits by private litigants from proceeding against the Individual Defendants in cases where First Alliance was a party. After a series of extensions, that injunction expired on October 4, 2001. Accordingly, there are now sixteen lawsuits pending in various state courts against First Alliance that may proceed against the individual defendants (the State Court Actions).

The parties here have noted that proceeding with these lawsuits will deplete the resources of the estate, divert the attention of many of the lawyers also present in this case, and revolve around the same or similar factual issues as the case against the FTC. All of the states have represented to the Court that they would pursue their litigation against the individual defendants in this proceeding, provided that the Court has jurisdiction. Accordingly, First Alliance filed this motion seeking an order determining the existence of subject matter jurisdiction.

The State Court Actions all make similar allegations against First Alliance. The State Court Actions allege that First Alliance fraudulently induced its customers to take out loans from First Alliance by: engaging in a fraudulent telemarketing program to induce customers to take out loans with First Alliance; training employees to use presentations (known as "scripts" or "tracks") to potential customers to confuse the customers and distract their attention from the negative loan terms; failing to disclose material terms of the loans; making false statements about the terms of the loans; charging high and unconscionable loan origination fees; charging high and unconscionable closing costs; advertising false "teaser" interest rates, which were increased shortly after the loan was closed; making false Truth In Lending Act disclosures. The allegations against the Individual Defendants in all of these cases stem from their capacity as First Alliance officers, loan agents, and other employees. These allegations are substantially the same as the allegations now pending in the instant case.[6]

## II.

## DISCUSSION

■ No party opposes First Alliance's motion. Such agreement by litigants is usually a welcome development, as it eases the burden on the Court. Here, however, the Court is required to undertake an independent review of subject matter jurisdiction.

### A. Supplemental Jurisdiction

■ First Alliance asserts that this Court has supplemental jurisdiction over the State Court Action claims against the

---

**6.** The present case includes: an action and proof of claim by the FTC for violation of various federal lending laws; actions and proofs of claim by California, Illinois, Arizona, New York, Florida, and Massachusetts for violation of state consumer protection laws; actions and proofs of claim by the AARP and the California Six as private attorneys general for violation of California Business and Professions Code; 2000 individual proofs of claim for violation of various lending laws; and a class action and class proof of claim for violation of various lending laws.

Individual Defendants because those actions form the same "case or controversy" as the predatory lending claims against First Alliance, now pending in this Court.

[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). Section 1367 codifies the doctrine of supplemental jurisdiction articulated by the Supreme Court in *United ed Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). *See* H.R.Rep. No. 734, 101st Cong.2d Sess (1990) *reprinted in* 1990 U.S.C.C.A.N. 6860, 6874–6875 & n. 15. In *Gibbs*, the Supreme Court announced the principle that pendent (or supplemental) jurisdiction exists whenever a state and federal cause of action "derive from a common nucleus of operative fact." 383 U.S. at 725, 86 S.Ct. at 1138. The basic question in determining whether a claim is part of the same "case or controversy" is whether, absent the issue of jurisdiction, a plaintiff would ordinarily try all claims in one proceeding.

Section 1367 encompasses the concept of pendent-party jurisdiction, where a plaintiff may bring suit against a second defendant in federal court provided its action against the first defendant is supported by a federal cause of action. Indeed, section 1367 was enacted primarily to overturn the Supreme Court's decision in *Finley v. United States*, 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989), which held that there was no statutory authority for pendent-party jurisdiction. *See* Thomas Jamison, *Pendent Party Jurisdiction: Congress Giveth What the Eighth Circuit Taketh Away*, 17 W.M.L.R. 753 (1991). *Finley*, however, did not deny that when the facts of a case were such that the claims against two separate defendants derived from a "common nucleus of operative fact," that the Constitution authorized jurisdiction. 490 U.S. at 552, 109 S.Ct. at 2008.

■ The claims against First Alliance here and the claims against Individual Defendants in the State Court Actions derive from a common nucleus of operative fact. Plaintiffs in this case, just like the plaintiffs in the State Court Actions allege that First Alliance engaged in a number of predatory lending activities in violation of state and federal laws. Because the present case is properly before this Court pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1334(a) (bankruptcy), the Court has the authority to exercise jurisdiction over the claims against the Individual Defendants pursuant to 28 U.S.C. § 1367.

## B. "Related To" Jurisdiction

First Alliance also contends that this Court has jurisdiction over the claims against the Individual Defendants pursuant to 28 U.S.C. § 1334(b) because they are "related to" a pending bankruptcy case.

■ In determining whether a matter is "related to" a bankruptcy proceeding under section 1334(b), the question is whether the outcome of a civil proceeding "could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 136, 116 S.Ct. 494, 500, 133 L.Ed.2d 461 (1995).; *see also In re Fietz*,

852 F.2d 455, 457 (9th Cir.1988) (adopting the *Pacor* test).

■ The leading Ninth Circuit case on the issue is *Kaonohi Ohana, Ltd. v. Sutherland*, 873 F.2d 1302 (9th Cir.1989). There, the debtor breached a land-sale contract with plaintiff and instead sold to another buyer, Sylvester Stallone. *Id.* at 1304. The plaintiff then instituted an adversary action in the debtor's bankruptcy for specific performance against Stallone. *Id.* at 1304–05. Even though debtor was not the defendant in that action, the Ninth Circuit held that it was "related to" the bankruptcy because specific performance against Stallone would reduce the amount of contract damages due to plaintiff. *Id.* at 1307. The adversary action therefore would have a significant effect on the bankruptcy proceeding. *Id.*

Here, the suits against the Individual Defendants are "related to" the bankruptcy proceeding because First Alliance and the Individual Defendants could become joint and severally liable for the damages in those cases. The estate's liability could be reduced if the plaintiffs in the State Court Actions are successful.[7]

The Official Joint Borrowers Committee (Borrowers Committee) brings two concerns to the Court's attention with respect to "related to" jurisdiction. First, the Borrowers Committee points to *Bethlahmy v. Kuhlman (In re ACI–HDT Supply Co.)*, 205 B.R. 231 (9th Cir. BAP 1997). There, class action plaintiffs brought suit against the officers of debtor for an alleged ponzi scheme. *Id.* at 233. After the defendants removed the case to the Bankruptcy Court, the Bankruptcy Appellate Panel held determined that there was no "related to" jurisdiction because any claims that the officers might have against the debtor were merely speculative. *Id.* at 237–38. *Bethlahmy* does not apply here. There is nothing to show that the debtor itself was being sued for the alleged ponzi-scheme, as is the case here. Moreover, the debtor in *Bethlahmy* was not named as a defendant. *Id.* at 232. Here, First Alliance is named in all the State Court Actions. Finally, the Ninth Circuit's decision in *Kaonohi Ohana* permits the Court to exercise jurisdiction. To the extent that *Bethlahmy* holds the opposite, it is in error.

■ Second, the Borrowers Committee points to the mandatory abstention provisions contained in section 1334(c)(2), which states:

Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under Title 11 but not arising under Title 11 or arising in a case under Title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2). Whether motions for abstention will be timely filed is yet to be seen, so the question is speculative. However, the State Court Actions do not appear to be cases that "could not have been commenced in a court of the United States absent jurisdiction under" the

---

7. First Alliance asserts two other grounds for jurisdiction under section 1334(b)-that First Alliance and the Individual Defendants are joint claimants on an insurance policy and that successful suits against the Individual Defendants could create claims for indemnity by the Individual Defendants against the estate. The State of California disagrees. Because the Court finds jurisdiction under section 1334(b) because of joint and several liability, it need not resolve the issue.

Bankruptcy Code. Most of the claims are include allegations of violation of the Federal Truth in Lending Act, 15 U.S.C. § 1607(c). These cases are not mere contract cases between citizens of the same state, but claims that have a potential federal cause of action. Construing the abstention provision narrowly, *see In re Hillsborough Holdings Corp.*, 123 B.R. 1004, 1010 (Bankr.M.D.Fla.1990), the abstention provision would not appear to apply. Finally, the party moving for abstention will bear the burden of demonstrating that a state court action can be timely adjudicated. *See In re Nationwide Roofing & Sheet Metal, Inc.*, 130 B.R. 768, 779 (Bankr.S.D.Ohio 1991).

The district court therefore has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b).

### III.

### CONCLUSION

Accordingly, First Alliance's motion for an order determining jurisdiction is GRANTED.

IT IS SO ORDERED.

## MATRIX OF LAWSUITS

| Action | Individual Defendant(s) |
| --- | --- |
| *American Association of Retired Persons (AARP) v. First Alliance Mortgage Company,* Superior Court of the State of California for the County of Santa Clara, Case No. CV 778453 | Brian Chisick; Sarah Chisick |
| *Velda Durney v. First Alliance Mortgage Company,* Superior Court of the State of California for the County of Santa Clara, Case No. CV 765935 | Jeffrey E.A. Phillips |
| *Ida M. Forrest v. First Alliance Mortgage Company,* Superior Court of the State of California for the County of Alameda, Case No. 799294–0 [Cross–Complaint] | Brian Chisick; Sarah Chisick; Jeffrey Smith; Patricia G. Sullivan; Todd Feldman; Scott Gardner; Diane Clark West |
| *Henry M. Hong and Carol J. Hong v. First Alliance Mortgage Company,* Superior Court of the State of California for the County of Alameda, Case No. 784938–3 | Diane Clark West |
| *Mary Ryan v. First Alliance Mortgage Company,* Superior Court of the State of California for the County of Santa Clara, Case No. CV 759815 | Todd Feldman; Vanita Cillo |
| *Lucretia Wilder v. First Alliance Mortgage Company,* Superior Court of the State of California for the County of Santa Clara, Case No CV 760638 | Todd Feldman |
| *Jack Bagley, et al. v. First Alliance Mortgage Company,* Third Judicial District Court In and For Salt Lake County, State of Utah, Case No. 990906866 | David Sproul; Ted Kegel; Howard Coleman; Chris Jensen |
| *Lester J. Bright, et al. v. First Alliance Mortgage Company,* District Court, City and County of Denver, State of Colorado, Case No. 99CV3762 | Brian Chisick; Tom Neate; Kelly Lee; Joe O'Laughlin; Patty Sullivan; Todd Feldman |
| *Richard W. Fetch and Josephine J. Fetch v. First Alliance Mortgage Company,* | Steven Graber |

| *Superior Court of New Jersey, Essex County, Law Division, Case No. L3094–98* | |
| --- | --- |
| *Fred L. Passmore and Julia G. Passmore v. First Alliance Mortgage Company,* Superior Court of the State of California for the County of Alameda, Case No. 823272–8 | Scott Gardner;  Diane Clark West |
| *Steve L. Dounan and Susan E. Dounan v. First Alliance Mortgage Company,* Supreme Court of the State of New York, County of Suffolk, Case No. _. | Joseph Rodriguez |
| *Patrick McAndrew, Betty Postma and Fred Postma v. First Alliance Mortgage Company,* Circuit Court of Cook County, Illinois, County Department, Law Division, Case No. 98L14098 | Don Terry;  Mitchell C. Horwitz |
| *Geneva A. Spires v. First Alliance Mortgage Company,* Superior Court of the State of California for the County of Alameda, Case No. _____ | Brian Chisick;  Sara Chisick;  Jeffrey Smith;  Patricia G. Sullivan;  Todd Feldman;  Scott Gardner;  Diane Clark West |
| *Frank G. Aiello, et. al. v. First Alliance Mortgage Company, et. al.,* United States Bankruptcy Court, Central District of California, Adv. No. SA00–01456 | Brian Chisick;  Sarah Chisick |
| *Federal Trade Commission v. First Alliance Mortgage Company, et al.,* United States District Court for the Central District of California, Case No. SA CV 00–964–DOC. | Brian Chisick;  Sarah Chisick |
| *The People of the State of California v. First Alliance Mortgage Company, et al.,* Superior Court of the State of California for the County of Los Angeles, Case No. BC 252112 | Brian Chisick;  Sarah Chisick;  Patricia Sullivan;  Jeffrey Smith |
| *Department of Legal Affairs, Office of the Attorney General, State of Florida v. First Alliance Mortgage Company,* Circuit Court of the 17th Judicial Circuit, in and for Broward County, Florida, Case No. 21000009116 | Brian Chisick;  Sarah Chisick;  Francisco Nebot;  Bruce Bollong;  Jeffrey Smith;  Patricia Sullivan |
| *People of the State of Illinois v. First Alliance Mortgage Company,* Circuit Court of Cook County, Illinois, County Department, Chancery Division, Case No. 98CH16598 | Brian Chisick;  Sarah Chisick;  Sal Bastav;  Patricia Sullivan |