Americo SPAGNUOLO, Plaintiff,

v.

The PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Silverstein Properties, Inc., and Bovis Lend Lease, Inc., Defendants.

No. 02 Civ.6360 (AKH).

United States District Court, S.D. New York.

Oct. 23, 2002.

Linda M. Marino, Flemming, Zulack & Williamson, LLP, New York City, for Port Authority of New York & New Jersey, Silverstein Properties, Inc., Bovis Lend Lease Inc., Defendants.

## ORDER DENYING DEFENDANTS' MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

HELLERSTEIN, District Judge.

On September 24, 2002, I issued an order to remand this case to New York Supreme Court pursuant to my decision in *Graybill v. City of New York and Port Authority of New York and New Jersey,* No. 02 Civ. 684, 2002 WL 31031655, at *1 (S.D.N.Y. Sept. 11, 2002). I held that federal jurisdiction under section 408(b) of the Air Transportation Safety and System Stabilization Act of 2001 ("Act"), 49 U.S.C. § 40101 (2001), did not lie for the purpose of removal, where the complaint alleged breaches of duties arising from state statutes, and where plaintiff's injuries arose from activities and risks associated with construction sites generally. Thereafter, I denied defendants' motion for reconsideration. (Order, Oct. 22, 2002.) Defendants have now requested that I grant permission to pursue interlocutory appeal under 28 U.S.C. § 1292(b) on the question of whether section 408(b) of the Act, 49 U.S.C. § 40101 (2001), mandates exclusive federal jurisdiction in this case. I decline to do so.

28 U.S.C. § 1447(d) governs the appealability of remand orders. It states:

An order remanding a case to the State court from which it was removed is not reviewable *on appeal or otherwise,* except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d) (2002) (emphasis added). Orders remanding to state court because of lack of subject matter jurisdiction are generally not reviewable. *See Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 126–29, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995); *Excimer Assoc., Inc. v. LCA Vision, Inc.,* 292 F.3d 134, 138 (2d Cir.2002). Section 1447(d)'s prohibition of review "on appeal or otherwise" of remand orders based on lack of subject matter jurisdiction includes review on interlocutory appeal, except for civil rights cases removed under 28 U.S.C. § 1443. *See Bishop v. General Motors Corp.,* 925 F.Supp. 294, 302 (D.N.J. 1996). *See also* 15 James Wm. Moore et al., Moore's Federal Practice ¶ 203.31 (3d ed.1997). *But cf. In re TMI Litig. Cases Consol. II,* 940 F.2d 832, 836 (3d Cir.1991) (allowing for interlocutory appeal of a remand order where the constitutionality of the federal law was at issue).

I also find that the requirements for certifying a question for interlocutory appeal have not been met. 28 U.S.C. § 1292(b) permits district judges to certify an order for interlocutory appeal when they are "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially ad-

vance the ultimate termination of the litigation." The question presented by this case is certainly one upon which "there is substantial ground for difference of opinion." However, I do not believe that it is a "controlling question of law," nor that its resolution "may materially advance the ultimate termination of the litigation." The issue decided in the order has no bearing on the course of this litigation other than on the issue of federal jurisdiction. The case will proceed in state court, and any federal interests can be protected therein. Accordingly, I deny defendants' request to certify the order for interlocutory appeal under section 1292(b).

SO ORDERED.