**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 25 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEPHEN PAUL WALLACE,

Plaintiff - Appellant,

v.

PATRICIA HASTINGS; RONALD
SAFFA; THE TRUST COMPANY OF
OKLAHOMA; BANK ONE, N.A.; and
BANK OF AMERICA, N.A.,

Defendants - Appellees.

No. 02-5080
(D.C. No. 02-CV-417-H)
(N.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **McKAY** and **McCONNELL**, Circuit
Judges.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Wallace, proceeding *pro se*, filed a notice of removal attempting to remove six guardianship/trust state cases to federal court. In his Notice of Removal, Appellant referenced a bankruptcy proceeding apparently intending to invoke 28 U.S.C. § 1452(a). In separate orders dated June 7, 2002, the district court ordered each of the six cases remanded to the state court. In its orders, the district court noted that "the notice of removal is infirm on its face" and it improperly tries to join the six pending state cases into a single federal case. Rec., Vol. I, Docs. 16-21, at 1. The court also noted "the history of wrongful filings and abuse of process in this matter." Id. For these reasons, the court found that "equity demands" all six cases to be remanded back to state court. Id. at 2.

Mr. Wallace has appealed from the district court's minute order remanding all six cases to state court. Mr. Wallace has not identified any specific issues for appellate review. On June 17, 2002, we ordered the parties to serve and file jurisdictional memorandum briefs. We conclude that we lack jurisdiction over this appeal.

We will review the minute order in conjunction with the six substantive orders of remand. Our review of the record reveals that the district court intended to remand the cases based on equitable factors pursuant to 28 U.S.C. § 1452(b). Section 1452(b) provides:

The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

Id.

The district court also based its remands in part on procedural defects in the notice of removal. Therefore, we are also precluded from exercising our jurisdiction based on 28 U.S.C. § 1447(c). Section 1447(c) provides in pertinent part that

[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Id. Section 1447(d) then states that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." Id.

The Supreme Court has held that § 1447(d) is a bar against appellate review of any remand order based on defects in removal regardless of the statute or rule forming the basis for removal. Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 129 (1995). The Court stated:

If an order remands a bankruptcy case to state court because of a timely raised defect in removal procedure or lack of subject-matter jurisdiction, then a court of appeals lacks jurisdiction to review that order under § 1447(d) regardless of whether the case was removed

-3-

under § 1441(a) or § 1452(a). The remand at issue falls squarely
within § 1447(d), and the order is not reviewable on appeal.

Id.

The appeal is DISMISSED for lack of jurisdiction. Appellant's emergency

requests are DENIED.

Entered for the Court


Monroe G. McKay
Circuit Judge