**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 11-1868

_____

MARTIN GROFF CONSTRUCTION COMPANY, INCORPORATED,

Plaintiff - Appellee,

v.

KEVIN C. BETSKOFF,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Richard D. Bennett, District Judge.
(1:10-cv-03024-RDB)

_____

Submitted:  January 31, 2012        Decided:  February 21, 2012

_____

Before MOTZ, GREGORY, and DIAZ, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

Kevin C. Betskoff, Appellant Pro Se.  George Eugene Brown,
KRAMON & GRAHAM, PA, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin C. Betskoff appeals the district court's order remanding the underlying action to Maryland state court. We dismiss the appeal for lack of jurisdiction.

"Congress has placed broad restrictions on the power of federal appellate courts to review district court orders remanding removed cases to state court." Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127 (1995). Thus, remand orders are generally "not reviewable on appeal or otherwise."[*] 28 U.S.C. § 1447(d). The Supreme Court has explained that the appellate restrictions of "§ 1447(d) must be read in pari materia with § 1447(c), so that only remands based on grounds specified in § 1447(c) [i.e., lack of subject matter jurisdiction and defects in removal procedures] are immune from review under § 1447(d)." Things Remembered, 516 U.S. at 127. Whether a remand order is reviewable is not based on a district court's explicit citation to § 1447(c); "[t]he bar of § 1447(d) applies to any order invoking substantively one of the grounds specified in § 1447(c)." Borneman v. United States, 213 F.3d 819, 824-25 (4th Cir. 2000).

_____

[*] The statute provides an exception to the appellate ban for civil rights cases removed under 28 U.S.C. § 1443 (2006). 28 U.S.C. § 1447(d) (2006), amended by Removal Clarification Act of 2011, Pub. L. No. 112-51, 125 Stat. 545, 546.

2

Here, the district court's remand was based on its finding that it lacked subject matter jurisdiction over the case. Accordingly, because we lack jurisdiction to review the merits of the district court's order, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED