Shiboleth LLP v. Buhannic

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of October, two thousand nineteen.

PRESENT:
  JOHN M. WALKER, JR.,
  SUSAN L. CARNEY,
    *Circuit Judges,*
  JOHN G. KOELTL,
    *District Judge.**

―――――――――――――――――――――――――

Shiboleth LLP,

  *Plaintiff-Appellee*,

  v.                                                          18-2102

Philippe Marc Buhannic,

  *Defendant-Appellant*,

Patrick Buhannic,

  *Defendant*.

―――――――――――――――――――――――――

FOR PLAINTIFF-APPELLEE:              Charles B. Manuel, Jr., Daniel S. Goldstein,

―――――――――――――――――

* Judge John G. Koeltl, of the United States District Court for the Southern District of New York, sitting by designation.

Shiboleth LLP, New York, NY.

**FOR DEFENDANT-APPELLANT:**　　　　　Philippe Marc Buhannic, pro se, Verbier, Switzerland.

Appeal from an order of the United States District Court for the Southern District of New York (Sullivan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for lack of jurisdiction.

Appellant Philippe Buhannic, proceeding pro se, appeals the District Court's order denying his second motion for reconsideration of an order remanding this action to the New York State Supreme Court. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We conclude that we lack jurisdiction over this appeal. When a district court remands a case based on a timely raised defect in the notice of removal, the remand order "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d); *see Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127–28 (1995) ("As long as a district court's remand is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction—the grounds for remand recognized by § 1447(c)—a court of appeals lacks jurisdiction to entertain an appeal of the remand order under § 1447(d)."). Here, the District Court remanded the action after finding that the notice of removal did not contain sufficient facts to demonstrate federal subject-matter jurisdiction or to show that the notice of removal was timely filed; that the state court pleadings were not attached; and that the notice was not signed by Buhannic's co-defendant. Because these defects constitute "grounds for remand recognized by § 1447(c)," *Things Remembered*, 516 U.S. at 127, we lack jurisdiction to review the merits of Buhannic's appeal.

We have considered all of Buhannic's arguments with respect to jurisdiction and conclude that they are without merit.   Accordingly, the appeal is **DISMISSED** for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court