In re NORTH AMERICAN RE-
FRACTORIES COMPANY,
et al., Debtor.

In re 6/24/02 Agenda Item 17, Motion &
Memorandum of Law by Reed & Arm-
strong for Creditor Minnesota Mining
& Manufacturing Co. in Support of
Motion to Transfer Cases Related to
Chapter 11 Cases, Docket Nos. 301,
302, Motion 02-2177.

In re Global Industrial Technologies,
Inc., et al., Debtors.

In re 6/24/02 Agenda Item 18, Motion &
Memorandum by Thorp Reed & Arm-
strong for Creditor Minnesota Mining
& Manufacturing Co. in Support of
Motion to Transfer Cases Related to
Chapter 11 Cases, Docket Nos. 209,
210, Motion No. 02-2262.

In re 6/24/02 Agenda Item 19, Motion &
Memorandum by Hopeman Brothers
to Transfer Cases Related to Chapter
11 Cases, Docket Nos. 434, 435, Motion
No. 3114 (Harbison–Walker).

In re 6/24/02 Agenda Item 20, Motion &
Memorandum by Hopeman Brothers
to Transfer Cases Related to Chapter
11 cases, Motion No. 02-3115 (Docket
Nos. 436, 437)(A.P. Green).

Nos. 02–20198(JKF), 02–21626(JKF).

United States Bankruptcy Court,
W.D. Pennsylvania.

June 28, 2002.

**358**

Paul M. Singer, Reed, Smith, Shaw & McClay, Pittsburgh, PA, for Debtor.

**FINDINGS OF FACT AND CONCLU-SIONS OF LAW STATED ON THE RECORD ON JUNE 24, 2002, IN ORAL OPINION**

JUDITH K. FITZGERALD, Chief Judge.

On June 5, 2002, I heard argument on the above captioned motions filed on behalf of 3M and Hopeman Brothers to transfer cases. At that time I informed the parties that I would render oral findings of fact and conclusions of·law in court on June 24, 2002. The following is the typescript of my oral rendition on June 24, 2002. My findings of fact and conclusions of law are as follows:

■ 1. *THERE IS NO CLAIM.* 3M has no claim cognizable in this bankruptcy case. Although "claim" is broadly defined in 11 U.S.C. § 101(5) and has been broadly interpreted by courts, not every conceivable future interest constitutes a claim for bankruptcy purposes. As a threshold matter, in order to have a claim for bankruptcy purposes, there must be a right to payment or a right to an equitable remedy. § 101(5)(A), (B). At this point neither 3M nor Hopeman Brothers has a right to a remedy with one exception: a judgment was entered against 3M in one of the state court cases. If 3M has a claim against the Debtors based on that judgment, its remedy in bankruptcy is to file a proof of claim in this court.

■ With respect to the asserted claims in the other state court actions pending against these movants, movants have no right to payment under Mississippi state law. 3M and Hopeman Brothers assert before me that they have common law contribution/subrogation claims. However, if they have no right to payment under state law, there is no right to payment under bankruptcy law unless the cause of action is created by the Bankruptcy Code. There is no bankruptcy-created right to payment for 3M or Hopeman Brothers under the circumstances presented here.

Illustrative of 3M's and Hopeman Brothers' position is that of the purported creditors in *In re Utilimax.Com, Inc.,* 265 B.R. 63 (Bankr.E.D.Pa.2001). Although not a tort case, the court found that purported creditors who sought to join an involuntary petition did not satisfy the threshold requirement of holding a claim against the debtor because their claims were derivative of another creditor's claim which had been reassessed to others. Although 3M's and Hopeman Brothers' asserted claims are not derivative as such, they are based on the fact that 3M and Hopeman Brothers will suffer liability for their part in the state court plaintiffs' injuries, which were actually caused by Debtors' asbestos products so that if 3M and Hopeman Brothers are found liable in the state court action, they can recover against Debtors if they

prove Debtors are liable to them. In 3M's case it is alleged that its dust masks failed to filter asbestos and Hopeman Brothers' alleged liability is apparently based on the fact that it installed asbestos-containing products manufactured by Debtors and others.

■ Under the common law, movants, as joint tortfeasors with Debtors (in different actions), would have no right of contribution if found liable. *Wilson v. Giordano Insurance Agency, Inc.,* 475 So.2d 414 (Miss.1985). Formerly, Mississippi Code Ann. § 85–5–5 [repealed 1989] "recognizes a right of contribution amongst two or more joint tort-feasors after the claims against them have been reduced to judgment." *Id.* at 420, Robertson, J., dissenting. There was no contribution pre-judgment in a tort context under the former Mississippi law. *Id.* Current Mississippi law is not different. Section 85–5–7 provides that

> . . . (2) [I]n any civil action based on fault, the liability for damages caused by two (2) or more persons shall be joint and several only to the extent necessary for the person suffering injury, death or loss to recover fifty percent (50%) of his recoverable damages.
>
> (3) Except as otherwise provided in subsections (2) and (6) of this section, in any civil action based on fault, the liability for damages caused by two (2) or more persons shall be several only, and not joint and several and a joint tort-feasor shall be liable only for the amount of damages allocated to him in direct proportion to his percentage of fault. In assessing percentages of fault an employer and the employer's employee or a principal and the principal's agent shall be considered as one (1) defendant when the liability of such employer or principal has been caused by the wrongful or negligent act or omission of the employee or agent.
>
> (4) Any defendant held jointly liable under this section shall have a right of contribution against fellow joint tort-feasors. A defendant shall be held responsible for contribution to other joint tort-feasors only for the percentage of fault assessed to such defendant.

*Narkeeta Timber Company, Inc. v. Jenkins,* 777 So.2d 39, 41–42 (Miss.2001). Subsection 6 of § 85–5–7 provides for a right of contribution only as to other defendants who were made party to the action. I will return to this issue later. With respect to allocation of liability among joint tortfeasors, the Mississippi Supreme Court in *Narkeeta Timber* continued:

> In order to cure the problem of lack of contribution between joint tortfeasors, Mississippi instituted a third-party practice under Mississippi Rule of Civil Procedure 14. However, the usefulness of Rule 14 was greatly diminished if a joint tortfeasor had no substantive right of contribution such as the derivative or secondary liability of the third-party defendant to the third-party plaintiff. Miss.R.Civ.P. 14 cmt. In summary, prior to 1989, plaintiffs had the option to sue one, all or a select group of tortfeasors and collect full damages from those parties sued. *Hall v. Hilbun,* 466 So.2d 856, 879 (Miss.1985). Plaintiffs could recover the entire amount of the award from any single tortfeasor, no matter the allocation of fault. *Id.*
>
> ¶ 10. On July 1, 1989, the Legislature enacted Miss.Code Ann. § 85– 5–7 (1999)[1] wherein it modified the previous

---

**1.** The dates are in the court's opinion. The statute itself indicates that § 85–5–7 was enacted in 1989.

rule of law with regard to the amount of damages for which a tortfeasor could be held responsible. Under the old system, we had joint and several liability up to 100% of the judgment. Contrary to the statement of the Court in *Hunter,* § 85–5–7 does not abolish joint and several liability for up to 50% of the plaintiffs injuries and replace it with several liability. *Estate of Hunter v. General Motors Corp.,* 729 So.2d 1264, 1274 (Miss.1999). Rather, § 85–5–7, by its express language, abolishes joint and several liability over 50% of the judgment and leaves untouched joint and several liability up to 50% of the judgment.

777 So.2d at 42.

In *Estate of Hunter v. General Motors Corporation,* 729 So.2d 1264 (Miss.1999) (rehearing denied), the court said:

> At first blush, § 85–5–7(4) appears to permit contribution, ... "However, a closer reading of § 85–5–7 indicates that the Legislature did not intend to alter the old law set forth in § 85–5–5 (repealed) which provided for no contribution absent a joint judgment..... There is no indication that § 85–5–7 alters the traditional law barring contribution absent a joint judgment. . . ."

Although Mississippi has enacted Mississippi Rules of Civil Procedure ("MRCP") Rule 14 providing for impleader, this rule is of little use to a defendant who lacks a substantive right of contribution. The comment to Rule 14 provides that: "It is essential that the third-party claim be for some form of derivative or secondary liability of the third-party defendant to the third-party plaintiff ... It is not available for example, to bring in a party solely on the ground that he is or may be liable to the original plaintiff. Thus, an allegation that the third party is a joint tortfeasor or is the one really liable to the original plaintiff is insufficient to state a third-party claim. M.R.C.P. 14 cmt. (citations omitted). Given that it is thus apparent that, fairly or unfairly, contribution and impleader remain largely unavailable to defendants in this State, it becomes particularly important in the context of this State's jurisprudence that the plaintiff not be given the sole power to determine among which parties the jury is able to allocate fault. While the majority view arguably constitutes the more equitable approach even in jurisdictions which permit contribution and impleader based on contribution, the minority view would be particularly unfair to the rights of the defendant in a jurisdiction such as Mississippi, in which these procedures are largely unavailable."

*Id.* at 1275–76 (citations omitted).

In the *Berry, et al. v. Combustion Engineering, Inc., et al.* state court action in which Hopeman Brothers is involved, the court entered a case management order that provides on page 5 that claims for indemnity or contribution must be filed in accordance with Mississippi Rules of Civil Procedure but that

> Cross-claims and Third Party Complaints for indemnity and/or contribution *and those claims of plaintiffs and defendants that file for bankruptcy protection are hereby severed from these proceedings. The Plaintiffs' claims against bankruptcy entities are hereby severed from these proceedings* Any party desiring to proceed with cross-claims and third party complaint for indemnity and/or contribution or against bankruptcy entities must seek relief from the Court to proceed with their claims separate and apart from the claims of the Plaintiffs against the Defendants.

*Berry, et al. v. Combustion Engineering, Inc., et al.,* No. CI–99–0034–AS, Cir.Ct. Jefferson County, Miss., Case Manage-

ment Order of January 28, 2002, at 5 (emphasis added).

Under the state court case management order and Mississippi state law, Hopeman Brothers cannot assert a claim against Debtors without first obtaining leave of court to do so. Because the automatic stay is in effect, that means that relief from stay would have to be granted by this court even to request the state court for relief under its case management order. No motion for relief from stay has been filed and at this point filing such a motion would appear to be a useless exercise inasmuch as there is nothing to distinguish the situation of these movants from that of any other prepetition creditor who wants to proceed against the Debtors due to asbestos injury. Therefore, the facts and Mississippi law as well as the Bankruptcy Code make it clear that movants have no claim cognizable in bankruptcy at this time, with the sole exception noted earlier.

■ 2. *THE 28 U.S.C. § 157(b)(5) AR-GUMENT:* That section provides that

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

However, movants herein do not hold claims for personal injury or wrongful death but rather claims for contribution in the event that at some future time they (1) are held liable to plaintiffs in the state court action *and* (2) establish thereafter that they have a contribution claim against Debtors. Furthermore, inasmuch as the Debtors are not part of the state court action any longer, there is no case or controversy subject to adjudication. "Absent a presently existing dispute between the parties, a federal court is without juris-

diction to adjudicate a dispute." *In re Allegheny International, Inc.,* 117 B.R. 171, 177 (W.D.Pa.1990). There is as yet no legally cognizable dispute between movants and Debtors because no liability against movants has been assessed (as required by operative state law) and, therefore, they have no basis for a claim against Debtors. Thus, this argument is unavailing and, at this time, § 157(b)(5) does not apply.

3. *THE 28 U.S.C. § 1334 ARGUMENT*

■ Movants also assert that under 28 U.S.C. § 1334 the actions must be transferred to the Western District of Pennsylvania and adjudicated here because movants' claims are "related to" the bankruptcy. Although indemnification claims give rise to "related to" jurisdiction, *Hohl v. Bastian,* 279 B.R. 165, 172 (W.D.Pa.2002), movants in this case have no contractual right to indemnification. Rather, they allege a common law right of contribution as modified by Mississippi statute which I explained earlier. Although it is possible that at some time in the future the outcome of the Mississippi actions could "conceivably affect" these Debtors' estates, *see Pacor v. Higgins,* 743 F.2d 984 (3d Cir.1984), there is no possibility of an effect now because the Debtors have been severed from the state court actions, no proceedings may be sustained against them both by virtue of the automatic stay, and the case management order entered by the Mississippi state court (based on requirements of Mississippi law) precludes any action against them. Debtors' estates will be "conceivably affected" only when and if movants suffer adverse judgment in state court. At that time, there will exist the *possibility* that movants will have a claim against Debtors and at that time they may take appropriate action in a proper forum.

Until then, the speculation proffered does not rise to the level of a "conceivable effect" on these estates.

■ Alternatively, even if there is at present a "conceivable effect" on the estate, movants' remedy is to file a claim which can be amended if necessary. However, they need not do this yet because no bar date has been set. Thus, movants are not prejudiced by denial of the transfer motions. At the very least, the transfer motions are not ripe. Right now it is it is impossible for movants to obtain a right to payment or to an equitable remedy under state law. The concept of "related to" jurisdiction over matters that "conceivably affect" the estate, while broad, is not all-encompassing. "[A] bankruptcy court's 'related to' jurisdiction cannot be limitless." *Celotex Corporation v. Edwards,* 514 U.S. 300, 308, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995). *See also Arnold v. Garlock,* 278 F.3d 426 (5th Cir.2001) (*Pacor's* holding was based on the conclusion that a judgment against the two nondebtors would not have *res judicata* or collateral estoppel effect with respect to the debtor).

The situation with respect to Hopeman Brothers is a little different from that of 3M in that the cases Hopeman Brothers wants to transfer involved its installation of alleged asbestos-containing products that Debtors manufactured. As to these cases, Hopeman Brothers did not provide an asbestos product or a product to be used with asbestos as did 3M. Hopeman Brothers contends that, because it merely installed a product, the suit against it requires the participation of Debtors. Hopeman Brothers also asserts that the state court litigation *will* determine Debtors' liability and establish Hopeman Brothers' claim against Debtors because fault will be apportioned whether or not the Debtors participate in the state court action. Not-withstanding movant's assertions, the automatic stay precludes continuation of the suit against Debtors in the state court and precludes any adjudication by the state court of Debtors' liability. Even if the state court action proceeds against Hopeman Brothers and results in a verdict against it, Hopeman Brothers' remedy is to file a claim in this bankruptcy case. However, *only* Hopeman Brothers' liability will be determined in the state court action. The case management order entered by the state court makes this clear. To the extent Hopeman Brothers uses Debtor's absence to its advantage at trial, at best it will minimize its own percentage of fault. If the jury finds that another entity contributed to the liability, then Hopeman Brothers must still prove its theory that Debtors were a certain percent liable with it by bringing a suit against Debtors. As noted several times, such an action cannot proceed at this time and may never be ripe, depending upon numerous unknown, unstated and speculative factors.

As noted earlier, Mississippi law provides for a right of contribution only as to defendants who are made party to the suit. Movants argue that notwithstanding Debtors' absence from the state court suit Debtors' liability will be determined against them anyway under Mississippi law. Mississippi law provides to the contrary. Mississippi Code Ann. § 85–5–7(4) provides that a "defendant shall be held responsible for contribution to other joint tortfeasors only for the percentage of fault assessed to such defendant." The Mississippi Supreme Court in *Estate of Hunter v. General Motors Corporation,* 729 So.2d 1264 (Miss.1999) (rehearing denied), stated that this section

must refer to tortfeasors who were already made parties to the action. Any other interpretation is nonsensical. Thus, the provision appears to be

couched in terms which indicate that contribution is only permitted among tortfeasors brought into the action by the plaintiff.

*Id.* at 1275–76. Further, the court said:

> ... subsection (6) provides that a defendant held jointly and severally liable on a theory of concerted action or common plan shall have a right of contribution "from his fellow defendants acting in concert." The clear import of this statement is that the legislature only intended to grant a right of contribution to defendants as against other defendants *made parties to the action by the plaintiff* .... This interpretation of § 85-5-7 ... is the most logical one which may be made from the statute.

*Id.* at 1275–76 (citations omitted) (emphasis added).

In Hopeman Brothers' situation, Debtors, although named defendants, are not parties as they have been severed from the state court action. In 3M's situation, no action can proceed against Debtors. Thus, even though Debtors are named parties to the suit, they are not parties against which judgment can be entered due to the automatic stay. For the same reason, Debtors cannot be forced to participate in the state court action, absent an order from this court.

█ Even if this court has "related to" jurisdiction in this case, the question then becomes whether abstention should or must be exercised. Section 157(b)(4) of title 28 provides that non-core proceedings "shall not be subject to the mandatory abstention provisions of section 1334(c)(2)." However, there is no similar prohibition with respect to discretionary abstention which would apply at this time inasmuch as the motions for transfer are simply not

ripe and there is nothing to transfer that would have an effect on Debtors' estates. As Judge Wolin found in *Federal–Mogul Global, Inc., T & N Limited, et al.*, Bankr. No. 01–10578 at 29 (Bankr.D.Del. February 15, 2002), "Notwithstanding the undeniable overlap between the issues, it is a far step from finding that a claim against a non-debtor is ... actually a claim ... against the estate for purposes of section 157(b)(2)(B)."

This same view was expressed on June 11, 2002, in a Memorandum Opinion by the United States District Court of the Southern District of Mississippi in *Berry v. Combustion Engineering*, CA No. 1:02CV200GR,[2] in which the court found that the

> continuous removal of these cases based on meritless reasons, as is the case here, in addition to being burdensome to plaintiffs has become a tax on the resources of the Court and the court family. Innumerable hours are spent by court personnel to identify parties and issues involved in lawsuits which have been removed several times from state court. The Court can only interpret the defendants' actions as an attempt to delay proceedings in state court, especially given the clear legal precedent available in these cases. Any further attempt to remove this or similar lawsuits on the same basis by any party will be viewed as contempt and dealt with accordingly.

Memorandum Opinion at 5–6. The district court so ruled after concluding that there is no federal subject matter jurisdiction under the "related to" provision of 28 U.S.C. § 1334(b) because, in part, the bankruptcy debtors were severed from the suits and under Mississippi law, no judgment had been entered determining Hope-

---

**2.** In *Berry,* Hopeman Brothers filed a motion to stay proceedings in the District Court for the Southern District of Mississippi pending a decision on its motion to transfer.

man Brothers' liability to the plaintiffs. Thus, the indemnification claim was not ripe. *See also* the Memorandum Opinion of the District Court the Southern District of Mississippi in *Anderson v. Pittsburgh Corning*, CA 1:02CV 199GR at 5, dated June 17, 2002, to the same effect.

4. *JUDGE WOLIN'S OPINION IN FEDERAL–MOGUL:* That opinion, dated February 15, 2002, dealt with a motion pursuant to 28 U.S.C. § 157 to transfer personal injury claims against auto manufacturers to the district court. There, as here, the parties seeking to have the state court actions transferred relied on the Sixth Circuit's opinion in *In re Dow Corning*, 86 F.3d 482 (6th Cir.1996), *cert. denied*, 519 U.S. 1071, 117 S.Ct. 718, 136 L.Ed.2d 636 (1997), where the court came to a conclusion arguably opposite that of the Third Circuit in *Pacor v. Higgins* on a similar set of facts. Although *Pacor* was overruled in part by the U.S. Supreme Court, it still governs in this circuit in all other respects. *See Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995), where the Supreme Court reversed *Pacor* with respect to the applicability of 28 U.S.C. § 1447(d) to a removed case but did not otherwise disturb the holding of *Pacor*. *See also Donaldson v. Bernstein*, 104 F.3d 547, 552–53, n. 1; *Hohl v. Bastian*, 279 B.R. 165, 172, n. 4 (W.D.Pa.2002), reaching the same conclusion. To the extent that the Sixth Circuit's decision in *Dow Corning* is inconsistent with that of the Third Circuit in *Pacor*, this court is bound by *Pacor* and must apply it here. I also note that in *Dow Corning*, the only product at issue was the gel used in the implants and all the suits involved manufacturing, installation, etc., of the gel. In the case of 3M here, the reason for the harm plaintiffs allege is said to be 3M's separately created product (i.e., the face masks) that are alleged to have been defective so as to let

asbestos fibers through the masks. Thus, there is a direct action against 3M. For purposes of the transfer motion, I recognize 3M asserts that there is a reasonable defense to be raised in that suit—i.e., that asbestos presents a known danger, which is why the masks were used in the first place. However, whether that defense will be availing is yet to be determined. With respect to Hopeman Brothers, its liability apparently hinges on installation of a product containing asbestos, which arguably presents, for purposes of this transfer motion, a known danger. Whether Debtors' products are the only ones involved or the extent to which they might be or whether other asbestos manufacturers and distributors of products are at fault is still at issue. Although Debtors' asbestos is allegedly involved in both instances, it is not the entire basis for plaintiffs' lawsuits against 3M or Hopeman Brothers. Indeed, there are allegations of Hopeman Brothers' direct negligence as well.

As did Judge Wolin, I see no basis for federal jurisdiction over the 3M or Hopeman Brothers matters and, to the extent not separately addressed in this opinion, incorporate his analysis herein by reference.

5. *EQUITABLE INDEMNITY*

 3M argues that the concept of "equitable indemnity" is recognized by Mississippi state courts and application of this doctrine gives 3M the right to sue Debtors. Mississippi recognizes the concept of "non-contractual implied indemnity" between joint tortfeasors, referred to by 3M's counsel as "equitable indemnity" at the hearing on June 5, 2002. In the year 2000, the Fifth Circuit Court of Appeals, citing a 1970 Mississippi Supreme Court case, said:

The general rule governing implied indemnity for tort liability is that a joint

tort feasor, whose liability is secondary as opposed to primary, or is based upon imputed or passive negligence, as opposed to active negligence or is negative negligence as opposed to positive negligence, may be entitled, upon an equitable consideration, to shift his responsibility to another joint tort feasor. However, where the fault of each is equal in grade and similar in character, the doctrine of implied indemnity is not available since no one should be permitted to base a cause of action on his own wrong. Thus, the determination of whether or not indemnity should be allowed must of necessity depend upon the facts of each case....

Two critical prerequisites are generally necessary for the invocation of noncontractual implied indemnity in Mississippi: (1) The damages which the claimant seeks to shift are imposed upon him as a result of some legal obligation to the injured person; and (2) it must appear that the claimant did not actively or affirmatively participate in the wrong. *Barfield v. Madison County, Mississippi,* 212 F.3d 269, 272 (5th Cir.2000), citing *Home Ins. Co. of N.Y. v. Atlas Tank Mfg. Co., Inc.,* 230 So.2d 549, 551 (Miss.1970). Whether 3M or Hopeman Brothers (or Debtors) is entitled to application of this doctrine depends on the result of the state court suits against these entities and is not a basis for finding that they have a claim cognizable in bankruptcy that requires the transfer motions to be granted. Further, until the state court cases are decided against movants, there is no basis for finding related to bankruptcy jurisdiction.

The motions to transfer the cases are denied. There simply is no basis for granting them.