IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-31233

Summary Calendar

_____


JEFFERY C BROWNSBERGER

                              Plaintiff - Appellee

        v.

DELCHAMPS INC; ET AL

                              Defendants

        SCOTTSDALE INSURANCE COMPANY; NATIONAL UNION FIRE
        INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA

                              Defendants - Appellants

_____

                Appeal from the United States District Court
                  for the Eastern District of Louisiana
                          No. 01-CV-2144-M
_____

                          August 27, 2002
Before KING, Chief Judge, and HIGGINBOTHAM and BENAVIDES, Circuit
Judges.


PER CURIAM:[*]

---

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Plaintiff-Appellee Jeffery C. Brownsberger filed this personal injury action in Louisiana state court. Defendants-Appellants Scottsdale Insurance Company and National Union Fire Insurance Company removed this case from the state court on the ground that it was related to a case in bankruptcy. The federal district court abstained from hearing the case and remanded the case to the state court. Defendants-Appellants appeal the district court's remand order. Because we conclude that we lack jurisdiction to hear this appeal, we DISMISS the appeal. Brownsberger's motion to dismiss the appeal as frivolous, which was carried with the case, is DENIED as moot.

## I. Factual and Procedural Background

On December 2, 1996, Plaintiff-Appellee Jeffery C. Brownsberger slipped on a liquid spill and fell in a store owned by Delchamps, Inc. ("Delchamps"). At the time of the accident, Delchamps was self-insured for the first $250,000 of liability and had an umbrella policy with Scottsdale Insurance Company ("Scottsdale") for all claims exceeding $250,000. On June 2, 1997, Brownsberger filed a personal injury suit against Delchamps in Louisiana state court.

Jitney-Jungle Stores of America, Inc. ("Jitney-Jungle") purchased Delchamps after Brownsberger's accident. On May 1, 1998, Jitney-Jungle acquired liability insurance from National Union Insurance Company ("National Union") covering the first,

2

previously self-insured, $250,000 of liability for existing worker's compensation and general liability claims. This coverage included Brownsberger's claim then pending against Delchamps and Jitney-Jungle. Delchamps and Jitney-Jungle filed for bankruptcy under Chapter 11 on October 12, 1999. Because Delchamps and Jitney-Jungle stopped paying the premiums owed to National Union subsequent to the bankruptcy filing, National Union cancelled its policy covering the first $250,000 of the debtors' pre-existing liability.

On May 29, 2001, Brownsberger amended the petition in his state court personal injury action to add Jitney-Jungle, Scottsdale, and National Union as defendants. On July 5, 2001, Jitney-Jungle filed an adversarial proceeding in the pending bankruptcy action, seeking a declaratory judgment addressing both (1) the effect of National Union's cancellation of its insurance policy and (2) the rights of the named individuals, including Brownsberger. On July 12, 2001, Scottsdale removed Brownsberger's personal injury suit to federal court,[1] asserting that the suit involves property of the bankruptcy estate of

---

[1] Brownsberger served his amended petition on Scottsdale and National Union on June 12, 2001. Thus, Scottsdale's removal of the case to federal court was timely. See 28 U.S.C. § 1446(b) (stating that "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").

3

Delchamps and is related to the adversarial proceeding filed by Jitney-Jungle in the bankruptcy action.

Brownsberger timely filed a motion to remand, and Scottsdale and National Union filed a motion to refer the matter to bankruptcy court for consolidation with the adversarial proceeding. The district court granted Brownsberger's motion to remand and dismissed as moot Scottsdale and National Union's motion to refer the matter to bankruptcy court. Scottsdale and National Union (collectively, the "Defendants-Appellants") appeal the district court's judgment remanding this case to state court.

## II. Analysis

A. Proceedings Before the District Court

In the notice of removal, Scottsdale asserted that it removed this case to federal court pursuant to 28 U.S.C. § 1334 (2000).[2] Section 1334 states, in relevant part:

> (a) Except as provided in subsection (b) of this section, the district court shall have original and exclusive jurisdiction of all cases under title 11.
> (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

---

[2] The caption of Scottsdale's notice of removal incorrectly refers to "28 U.S.C. § 1332." However, the body of the notice states that the removal is "pursuant to 28 U.S.C. § 1334."

28 U.S.C. § 1334(a) & (b). Contrary to the Defendants-Appellants' assertions, § 1334 does not authorize the removal of this case. Rather, § 1334 merely provides for federal district court jurisdiction over bankruptcy cases and related cases. Scottsdale should have premised its removal of this case on 28 U.S.C. § 1452 (2000), the statute which provides for the removal of claims related to bankruptcy cases.

For the purposes of our analysis, we shall assume that Scottsdale intended to seek removal under § 1452 rather than under § 1334. Section 1452(a) provides for the removal of claims related to bankruptcy cases as follows:

> A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Thus, § 1452(a) provides for the removal of this case if the district court has jurisdiction over the case pursuant to § 1334.

In a hearing before the district court on Brownsberger's motion to remand, the Defendants-Appellants argued that, because Brownsberger's claims are "related to" the Jitney-Jungle bankruptcy case, the district court should exercise jurisdiction over Brownsberger's claims under § 1334. Brownsberger countered that, pursuant to § 1334(c)(2), the district court must abstain from exercising jurisdiction over Brownsberger's state law

5

claims.  Section 1334(c)(2) provides for mandatory abstention as follows:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).  Under the law of this circuit, mandatory abstention under § 1334(c)(2) is a proper basis for a federal court to remand to state court a case that was removed pursuant to § 1452.  Southmark Corp. v. Coopers & Lybrand, 163 F.3d 925, 929 (5th Cir. 1999).  The district court sided with Brownsberger and remanded the case to state court after abstaining under § 1334(c)(2).

B.  Appealability of the Remand Order

This court must first determine whether our limited jurisdiction encompasses the instant appeal.  Webb v. B.C. Rogers Poultry, Inc., 174 F.3d 697, 699 (5th Cir. 1999).  We must be particularly careful when faced with an appeal of a remand order because "Congress has placed broad restrictions on the power of federal appellate courts to review district court orders remanding removed cases to state court."  Things Remembered, Inc.

6

v. Petrarca, 516 U.S. 124, 127 (1995). For the following reasons, we conclude that we lack jurisdiction over this appeal.

First, in addition to requiring mandatory abstention in certain circumstances, § 1334 provides that:

> Any decision to abstain or not to abstain made under this subsection (other than a decision not to abstain in a proceeding described in subsection(c)(2)) is not reviewable by appeal or otherwise by the court of appeals . . . .

28 U.S.C. § 1334(d). Thus, the district court's decision to abstain under § 1334(c)(2) is not reviewable by this court. See Southmark, 163 F.3d at 929 (noting that "[f]or bankruptcy cases commenced after the 1994 amendments to the bankruptcy law, decisions either to abstain or not to abstain are not, with very limited exceptions, reviewable on appeal"); Webb, 174 F.3d at 699-700 (same).

In addition, § 1452, the statute providing the right to remove cases related to bankruptcy proceedings, also prohibits appeal of the district court's remand order in this case. Section 1452(b) provides that:

> The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals . . . .

28 U.S.C. § 1452(b). The provision of § 1452(b) limiting the appealability of remand orders applies where, as in this case,

7

the district court bases its decision to remand on mandatory abstention grounds.  See Cathedral of the Incarnation in the Diocese of Long Island v. Garden City Co., Inc., 90 F.3d 28, 33-34 (2d Cir. 1996) (holding that § 1452(b) applies to remands on abstention grounds).

Section 1452(b) prohibits an appeal of a remand order based on "any equitable ground."  28 U.S.C. § 1452(b).  Along with most other courts of appeals, this court broadly construes the phrase "any equitable ground" and, thus, we liberally apply § 1452(b)'s limit on the appealability of remand orders.  See Sykes v. Tex. Air Corp., 834 F.2d 488, 490-92 (5th Cir. 1987) (concluding that a remand due to a lack of federal jurisdiction is not appealable under § 1452(b)); see also In re U.S. Brass Corp., 110 F.3d 1261, 1265 (7th Cir. 1997) (noting that the phrase "any equitable ground" means "any appropriate ground"); Cathedral of the Incarnation, 90 F.3d at 32-33 (declining to adopt "the law/equity distinction" in interpreting § 1452(b)); but see Pacor, Inc. v. Higgins, 743 F.2d 984, 993 (3d Cir. 1984) (holding that, while remand orders based on equitable grounds are not appealable under § 1452(b), remand orders based on other grounds (such as a lack of jurisdiction) are fully appealable).  Under our construction of § 1452(b), "[w]hether the remand order [is] viewed as one of abstention or as one grounded in a perceived want of jurisdiction, we are not empowered to review it."  Crocker Nat'l Bank v. Rayburn, 781 F.2d 501, 502-03 (5th Cir. 1986) (internal

citations and quotations omitted).  Thus, § 1452(b) prohibits appeal of the district court's order to remand this case to state court.

Defendants-Appellants rely on 28 U.S.C. § 1447(d) (2000) to argue that the district court's remand order is appealable. Section 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."  28 U.S.C. § 1447(d).  The Supreme Court has interpreted § 1447(d) to prohibit review of remand orders that are based on a lack of subject matter jurisdiction or on a defect of removal procedure.  See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711-12 (1996).  However, § 1447(d) does not prohibit review of remand orders, like the instant order, that are based on grounds other than a lack of jurisdiction or a defect of removal procedure.  Id. (holding that a district court's remand order was appealable because the "abstention-based remand order . . . is not based on lack of subject matter jurisdiction or defects in removal procedure").

Thus, there appears to be some conflict between § 1447(d) and § 1452(b).  Nevertheless, the fact that the district court's remand order in this case is appealable under § 1447(d) does not help the Defendants-Appellants.  In Things Remembered, the Supreme Court clarified the interplay between §§ 1447(d) and 1452(b).  516 U.S. at 127-29.  In that case, the defendant removed the case from state court to federal district court under

9

§ 1452(b), and the case was remanded to state court due to untimely removal.  Id. at 126.  On appeal, the Supreme Court concluded that the remand order, which based the remand on a defect in removal procedure, was not appealable under § 1447(d). Id. at 129.  Because § 1447(d) barred the appeal, it was not necessary for the Court to determine whether § 1452(b) also precluded review.  In reaching its conclusion, the Court noted that "[t]here is no reason §§ 1447(d) and 1452 cannot comfortably coexist in the bankruptcy context.  We must, therefore, give effect to both."  Id.  We apply the Supreme Court's reasoning in Things Remembered to the instant case and conclude that the remand order in this case is appealable only if it is appealable under both §§ 1447(d) and 1452(b).  Because the district court's remand order is not appealable under § 1452(b), we lack jurisdiction over this appeal even though review is not prohibited by § 1447(d).

### III.  Conclusion

For the foregoing reasons, we lack jurisdiction to hear this appeal.  We therefore DISMISS the appeal.  Brownsberger's motion to dismiss the appeal as frivolous, which was carried with the case, is DENIED as moot.  All other outstanding motions are DENIED.

10