Justice Stevens,
concurring.
In his dissenting opinion in Thermtron Products, Inc. v. Hermansdorfer, 423 U. S. 336, 360 (1976), then-justice Rehnquist remarked that he could “perceive no justification for the Court’s decision to ignore the express directive of Congress in favor of what it personally perceives to be ‘justice’ in this case.” He began his dissent with a comment that is also applicable to the case before us today: “The Court of Appeals not unreasonably believed that 28 U. S. C. § 1447(d) means what it says. It says:
*642 ‘An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise ....’” Id., at 354.
Today, as in Thermtron, the Court holds that § 1447(d) does not mean what it says.
If we were writing on a clean slate, I would adhere to the statute’s text. But Thermtron’s limiting construction applies equally to this case as it did to Powerex Corp. v. Reliant Energy Services, Inc., 551 U. S. 224, 229-230 (2007), Quackenbush v. Allstate Ins. Co., 517 U. S. 706, 711-712 (1996), and Things Remembered, Inc. v. Petrarca, 516 U. S. 124, 127-128 (1995), and stare decisis compels the conclusion that the District Court’s remand order is reviewable notwithstanding §1447(d)’s unambiguous contrary command. The Court’s adherence to precedent in this case represents a welcome departure from its sometimes single-minded focus on literal text. Accordingly, I join the Court’s opinion.