# United States Court of Appeals for the Federal Circuit

---

**WARRIOR SPORTS, INC.,**
*Plaintiff-Appellee,*

v.

**DICKINSON WRIGHT, P.L.L.C.,**
*Defendant-Appellant,*

AND

**JOHN A. ARTZ, P.C., DOING BUSINESS AS ARTZ & ARTZ P.C.,**
**JOHN A. ARTZ, AND JOHN S. ARTZ,**
*Defendants.*

---

2010-1091

---

Appeal from the United States District Court for the Eastern District of Michigan in case No. 09-CV-12102, Judge Gerald E. Rosen.

---

Decided: January 11, 2011

---

ANDREW J. KOCHANOWSKI, Sommers Schwaertz, P.C., of Southfield, Michigan, argued for plaintiff-appellee. With him on the brief was DAVID M. BLACK.

MEGAN K. CAVANAGH, Garan Lucow Miller PC, of Detroit, Michigan, argued for defendant-appellant. With her on the brief was JOHN E. MCSORLEY.

_____

Before NEWMAN, BRYSON, and PROST, *Circuit Judges*.

BRYSON, *Circuit Judge*.

This case requires us once again to consider the circumstances under which a federal district court has subject-matter jurisdiction over a claim for legal malpractice arising out of a patent dispute. Warrior Sports, Inc., a patent owner, filed a malpractice action against the law firm of Dickinson Wright, P.L.L.C. ("Dickinson"), in the United States District Court for the Eastern District of Michigan. The district court regarded Warrior's claims as raising only state law issues and therefore dismissed the action for lack of subject-matter jurisdiction. We conclude that at least one of Warrior's malpractice claims requires the court to resolve a substantive issue of patent law. We therefore hold that 28 U.S.C. § 1338, which grants district courts exclusive jurisdiction over cases arising under a statute relating to patents, invests the district court with subject-matter jurisdiction over the plaintiff's claims in this case. Accordingly, we vacate the dismissal order and remand this case to the district court for further proceedings.

I

Warrior owns a number of patents directed to lacrosse sticks and heads. One of the patents, U.S. Patent No. RE 38,216 (the '216 patent), is the focus of this litigation. During the prosecution of the application as well as the reissue proceedings and litigation asserting the '216 patent, Warrior was represented by attorneys John S.

Artz and John A. Artz. For much of the relevant period, the two practiced together as Artz & Artz, P.C. Artz & Artz merged with Dickinson in June of 2007. For purposes of this appeal, Dickinson is treated as the successor-in-interest to Artz & Artz.

In January of 2004, Warrior asserted the '216 patent against a competitor, STX, L.L.C. STX argued that the '216 patent was unenforceable because of inequitable conduct. The unenforceability defense was based on conduct that occurred during the reissue proceedings, when John S. Artz allegedly mischaracterized the structure of a prior art lacrosse stick to the Patent and Trademark Office ("PTO"). The conduct that formed the basis for the inequitable conduct charge is one of the grounds alleged in Warrior's malpractice action against Dickinson.

A second ground of alleged malpractice is Warrior's attorneys' failure to pay the maintenance fee for the '216 patent when it became due in October of 2004. Artz & Artz did not pay the fee at that time, and the patent lapsed on October 29, 2004. STX later discovered that the patent had lapsed. Artz & Artz then initiated proceedings at the PTO seeking to have the patent reinstated, although Warrior alleges that Artz & Artz initiated the reinstatement proceedings without consulting Warrior.

The district court in the STX case bifurcated the litigation and stayed the infringement action pending the outcome of a bench trial on inequitable conduct, which was held in July of 2008. Warrior and STX settled the entire case in October of 2008, before the court issued its ruling regarding enforceability. Accordingly, the infringement action was never tried.

Following the settlement of the STX litigation, Warrior sued Dickinson for malpractice in Michigan state court. Dickinson filed a motion for summary judgment challenging the state court's subject-matter jurisdiction. The parties stipulated to the dismissal of the case and refiling in federal court. Warrior filed this action in the district court in June of 2009. In its complaint, Warrior cited a number of alleged errors by counsel, including the conduct that led to the allegation of inequitable conduct and the failure to pay the maintenance fee. Warrior argued that as a result of the alleged malpractice it was forced to settle the infringement action for less than the true value of its claim. Shortly before the complaint was filed in this case, the PTO accepted the late maintenance fee and reinstated the '216 patent.

The district court directed the parties to brief the question whether it had jurisdiction over Warrior's malpractice case. Each party filed a response stating that 28 U.S.C. § 1338 required the malpractice action to be heard in federal court. The district court, however, disagreed with the parties and dismissed Warrior's lawsuit for lack of subject-matter jurisdiction. The court characterized the patent-related issues as tangential; in the court's view, the alleged acts of malpractice could all be analyzed without reference to patent law. Dickinson then appealed to this court.

II

We first address our jurisdiction to hear Dickinson's appeal. This court has jurisdiction to decide an appeal from a final decision of a district court "if the jurisdiction of that court was based, in whole or in part, on section 1338." 28 U.S.C. § 1295(a)(1). Section 1338 provides that the federal district courts have exclusive jurisdiction over

"any civil action arising under any Act of Congress relating to patents." 28 U.S.C. § 1338(a). It is true that the district court held that it did not have jurisdiction under section 1338. But it does not follow, as Warrior contends, that the district court's decision divests this court of appellate jurisdiction under section 1295(a)(1).

In *C.R. Bard, Inc. v. Schwartz*, 716 F.2d 874 (Fed. Cir. 1983), we addressed the same jurisdictional issue. In that case, a district court held that it did not have section 1338 jurisdiction over a patent licensee's action for a declaratory judgment of invalidity. When the licensee appealed to this court, the defendant argued that the regional circuit, not this court, was the appropriate appellate forum to review the district court's dismissal order. We rejected that argument, noting that "in order to determine the scope of our own jurisdiction we must decide whether the jurisdiction of a district court whose decision is before us is based on § 1338." *Id.* at 877. We stated that the contrary rule—that a lower court's holding that it lacks section 1338 jurisdiction places exclusive appellate jurisdiction in the regional circuits—would be "an absurd result." *Id.* For the reason given in *C.R. Bard*, we plainly have jurisdiction to decide whether the district court has subject-matter jurisdiction in this case.

III

A

In *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800 (1988), the Supreme Court explained that federal jurisdiction under section 1338 extends to two categories of patent-related cases. The first category consists of cases in which patent law creates the cause of action for which the plaintiff seeks relief. *Id.* at 809. The

second category consists of cases in which "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Id.* at 808-09; *see Clearplay, Inc. v. Abecassis*, 602 F.3d 1364, 1367 (Fed. Cir. 2010). The district courts have exclusive jurisdiction over the second category of cases only if the plaintiff's well-pleaded complaint establishes that the adjudication of at least one of the claims depends on the "resolution of a substantial question of federal patent law." *Christianson*, 486 U.S. at 808-09. Conversely, "if there is a theory of liability for each of the asserted claims for which it is not necessary to resolve an issue of federal patent law," the district court lacks section 1338 jurisdiction. *Clearplay*, 602 F.3d at 1367; *Air Measurement Techs., Inc. v. Akin Gump Strauss Hauer & Feld, L.L.P.*, 504 F.3d 1262, 1267-68 (Fed. Cir. 2007).

In *Air Measurement Technologies*, we held that federal courts have exclusive jurisdiction over state-law legal malpractice actions when the adjudication of the malpractice claim requires the court to address the merits of the plaintiff's underlying patent infringement lawsuit. 504 F.3d at 1269. The plaintiff in *Air Measurement Technologies* alleged that its attorneys' failure to file an application within the one-year on-sale bar period and their failure to disclose pertinent references during prosecution forced the plaintiff to settle its action against an accused infringer for less than the claim would otherwise have been worth. *Id.* at 1266. The defendant law firm suggested that the "impaired settlement value" theory did not require the court to determine the hypothetical merits of the underlying infringement claim from which the malpractice claim arose, because the plaintiff's theory was that it would have received a more generous settlement but for the malpractice, not that it would necessarily have

prevailed absent the malpractice. We disagreed. We "view[ed] the impaired settlement value theory as a theory of damages, not a theory of liability for malpractice," because "[i]n addition to computation of damages, [the plaintiff] must still prove it would have been successful in the underlying litigation but for the alleged errors." *Id.* at 1270-71. Although *Air Measurement Technologies* was decided under Texas law and this case is governed by Michigan law, the same analysis applies in this case because, as we discuss below, Warrior's theory is that counsel's malpractice forced it to accept an unfavorable settlement of an otherwise meritorious infringement claim. Accordingly, this case falls into the second category of cases identified in *Christianson* as "arising under" patent law. 486 U.S. at 810.

B

Because Michigan law creates Warrior's cause of action, we must decide whether patent law is a "necessary element" of Warrior's right to relief as set forth in its complaint. *Davis v. Brouse McDowell, L.P.A.*, 596 F.3d 1355, 1359 (Fed. Cir. 2010). Warrior asserts a single count of legal malpractice. Warrior alleges that "[w]ere it not for Defendants' malpractice (i.e., allowing the '216 Patent to lapse, engaging in acts that gave rise to the allegations of inequitable conduct, conflict of interest, and failure to communicate) Warrior would not have been forced to settle the STX Litigation on unfavorable terms." Compl. ¶ 66. The defendants' malpractice, according to the complaint, "led to the conclusion that the '216 patent could not prevent STX in the future from selling lacrosse head products otherwise infringed in the '216 patent." *Id.* Warrior's theory is that but for its attorneys' malpractice, it would have won a multi-million dollar judgment

against STX. The acts of malpractice, Warrior alleges, forced it to settle its infringement claim for $275,000.

The single count in the complaint can be divided into three claims: (1) negligence during the '216 reissue proceedings, allowing STX to invoke an inequitable conduct defense; (2) negligence in failing to pay the required maintenance fee on the '216 patent; and (3) negligence during the reinstatement proceedings for the '216 patent, including failing to pursue the reinstatement on a timely basis and failing to communicate with Warrior. *See Davis*, 596 F.3d at 1360 ("[a] 'claim' is broadly defined as the aggregate of operative facts giving rise to a right enforceable by a court") (internal citation omitted).

Under Michigan law, a malpractice plaintiff has the burden of proving four elements as part of a prima facie case:

> (1) the existence of an attorney-client relationship;
> (2) negligence by the attorney in the legal representation of the plaintiff;
> (3) that the negligence was the proximate cause of plaintiff's injury; and
> (4) the fact and extent of the injury alleged.

*Coleman v. Gurwin*, 503 N.W.2d 435, 436-37 (Mich. 1993). This case centers around element (3), proximate cause, and element (4), the fact and extent of the injury. Michigan law requires that to prove proximate cause, "[a] plaintiff in a legal malpractice action must show that but for the attorney's alleged malpractice, he would have been successful in the underlying suit." *Coleman*, 503 N.W.2d at 437. Warrior's theory under its first malpractice claim is that but for the availability of the inequitable conduct

defense that was attributable to its attorneys' conduct, it would not have settled its meritorious infringement action against STX, and that the availability of the inequitable conduct defense forced Warrior to settle for much less than the true value of the claim. As part of its prima facie case, Warrior must prove that it suffered a compensable loss that was proximately caused by appellant's negligence. If the accused products do not infringe the '216 patent, then the availability of the inequitable conduct defense did not proximately cause any harm to Warrior. That is, to prove the proximate cause and injury elements of its tort claim, Michigan law requires Warrior to show that it would have prevailed on its infringement claim against STX and would have been entitled to an award of damages as a result. It is true, as Warrior points out, that the district court in the STX litigation had already construed the claims of the '216 patent. But it had not determined whether the accused products infringed. To the contrary, it had denied summary judgment of infringement. This case is thus akin to *Air Measurement Technologies*, in which we held that when "proof of patent infringement is necessary to show [plaintiff] would have prevailed in the prior litigation, patent infringement is a 'necessary element' of [plaintiff's] malpractice claim and therefore apparently presents a substantial question of patent law conferring § 1338 jurisdiction." 504 F.3d at 1269. Because Warrior's first claim arises under patent law, we need not address its other claims, all of which are properly before the district court as a matter of supplemental jurisdiction in light of the court's jurisdiction over the first claim. We therefore vacate the district court's dismissal order and remand for further proceedings.

**VACATED and REMANDED**