NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GENELINK BIOSCIENCES, INC.,**
*Plaintiff-Appellee,*

v.

**GARY D. COLBY, PH.D., ESQ. AND DUANE MORRIS, LLP,**
*Defendants-Appellants.*

---

2010-1454

---

Appeal from the United States District Court for the District of New Jersey in case no. 09-CV-5573, Judge Noel L. Hillman.

---

## ON MOTION

---

Before RADER, *Chief Judge*, LOURIE and O'MALLEY, *Circuit Judges.*

RADER, *Chief Judge.*

## ORDER

Genelink BioSciences, Inc. moves to dismiss Gary D. Colby, Ph.D. et al.'s (Colby) appeal as improper under 28 U.S.C. § 1447(d). Colby opposes. Genelink replies.

On September 29, 2009, Genelink filed a complaint in New Jersey state court alleging that Colby negligently handled two of its patent applications, one in Japan and one in the United States. Genelink's complaint asserts that it lost valuable intellectual property rights because the defendants allowed its Japanese patent application to lapse and allowed its United States patent application to be deemed abandoned by failing to comply with certain deadlines.

Colby removed the case to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1441. The ground for removal asserted by Colby was that the complaint was based in part on a federal question pursuant to 28 U.S.C. § 1338. According to Colby, Genelink's malpractice suit hinges on demonstrating that, but for the malpractice, Genelink's U.S. patent would have issued.

Genelink moved the district court to remand the case back to state court, disputing that federal jurisdiction existed over the malpractice causes. Genelink argued that any underlying patent issue was merely incidental to its primary allegation that the attorney violated state law obligations by failing to meet certain filing deadlines before the U.S. Patent and Trademark Office. In doing so, Genelink cited *Warrior Sports, Inc. v. Dickinson Wright, P.L.L.C.*, 632 F.Supp.2d 694 (E.D. Mich. 2009), in which the United States District Court for the Eastern District of Michigan determined that federal jurisdiction could not be invoked for similar malpractice allegations.

Relying heavily on the district court's analysis in *Warrior Sports*, the District Court for the District of New Jersey held that there is "no basis for exclusive jurisdiction in the federal courts in this case," and remanded the matter to state court. Colby filed a notice of appeal seeking this court's review of the remand order.

Colby contends that the district court ignored this court's precedent relating to federal jurisdiction over malpractice actions. Colby in particular cites *Davis v. Brouse McDowell, L.P.A.*, 596 F.3d 1355 (Fed. Cir. 2010). There, this court held that federal patent law jurisdiction over alleged negligence with regard to preparing and filing applications before the PTO is proper if to succeed the plaintiff must establish it would have received a patent but for the alleged negligence. *Id.* at 1361. Colby further notes that this court recently ruled that the district court in *Warrior Sports* was incorrect in determining that federal jurisdiction could not be invoked over the malpractice claims similar to those in this case. *See Warrior Sports, Inc. v. Dickinson Wright, P.L.L.C.*, 631 F.3d 1367 (Fed. Cir. 2011).

While the District of New Jersey's jurisdictional determination appears contrary to this court's precedent, it does not follow that this court has authority to grant Colby's requested relief. Unlike in *Davis* and *Warrior Sports*, where the district courts addressed the merits of the causes, Colby has appealed from an order remanding the case to state court due to lack of federal jurisdiction.

Congress has placed broad restrictions on the power of federal appellate courts to review district court orders remanding removed cases to state courts. *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995). The general statutory provision governing the reviewability of remand orders is 28 U.S.C. § 1447(d), which states in

relevant part: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." The Supreme Court has explained that "[a]s long as a district court's remand is based on . . . lack of subject matter jurisdiction — the grounds for remand recognized by § 1447(c) — a court of appeals lacks jurisdiction to entertain an appeal of the remand order under § 1447(d)." *Things Remembered*, 516 U.S. at 127-28.

In its remand order, the district court made clear that the basis for removal was its view that it lacked jurisdiction over the case. The court resolved the parties' dispute in light of the Supreme Court's jurisdictional test for whether the case "arises under" the federal patent statute. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988). The court further explained that in light of its analysis that the complaint did not raise a substantive issue of patent law, "there was no basis for exclusive jurisdiction in the federal courts in this case." That is the end of the matter. We have no authority to reverse or affirm the merits of the court's decision beyond a determination of the court's characterization of its remand as resting upon lack of subject-matter jurisdiction. *See Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 234 (2007); *see also Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 351 (1976) ("Congress immunized from all forms of appellate review any remand order issued on the grounds specified in § 1447(c), whether or not that order might be deemed erroneous by an appellate court.").

Colby's contention that the Supreme Court's decision in *Osborn v. Haley*, 549 U.S. 230 (2007) requires a different outcome is unpersuasive. In *Osborn*, the plaintiff sued a federal employee in state court alleging tortious interference with her employment. The United States

Attorney, serving as the Attorney General's delegate, certified, pursuant to the Waterfall Act, 28 U.S.C. § 2679, that "the employee was acting within the scope of employment at the time of the incident out of which the claim arose." Under the Waterfall Act, the Attorney General's certification substitutes the United States as the defendant in place of the federal employee. Because the action was commenced in state court, the Attorney General's certification required removal of the case to federal court because the Waterfall Act commands that the certification is "conclusiv[e] . . . for purposes of removal." § 2679(d)(2). The district court in *Osborn* rejected the certification and remanded the case to the state court.

The Supreme Court held that under those circumstances, the court of appeals had jurisdiction to review the remand order. According to the majority's opinion, the Waterfall Act's distinctive certification and substitution regime directly conflicted with § 1447(d) because both provisions are "antishuttling" provisions "aimed to prevent prolonged litigation of questions of jurisdiction of the district court to which the cause is removed." *Osborn*, 549 U.S. at 243. Thus, the critical issue was choosing between two "forum-selection rule[s]," of which only one could prevail. *Id.* at 244. Because the certification and substitution process was "[t]ailor-made for Westfall Act cases," the majority concluded that Congress intended it to take precedence over § 1447(d). *Id.*

Contrary to Colby's broad reading of *Osborn*, the Supreme Court was clear about the narrow scope of its holding. The Court expressly clarified that the Waterfall Act's command that the Attorney General's certification was conclusive with regard to removal distinguished it "from the typical case remanded for want of subject matter jurisdiction." *Id.* at 243. In differentiating be-

tween these situations, the Court explained that "[o]rdinarily," where § 1447(d)'s bar to appellate review applies, the district court is presented with a threshold inquiry of whether diversity exists or, pertinent to this case, "whether the complaint raises a federal question." *Id.* In Waterfall Act cases, however, the Court emphasized that the Attorney General's certification forecloses any jurisdictional inquiry. *Id.*

The situation here is the "typical" case described in *Osborn* and thus is barred from appellate review.

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted. The appeal is dismissed.

(2) Each side shall bear its own costs.

FOR THE COURT

**MAY 25 2011**

Date

/s/ Jan Horbaly

Jan Horbaly

Clerk

cc:  Donald P. Jacobs, Esq.
      John T. Wolak, Esq.

s19

**FILED**
**U.S. COURT OF APPEALS FOR**
**THE FEDERAL CIRCUIT**

**MAY 25 2011**

**JAN HORBALY**
**CLERK**