NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ARC PRODUCTS, L.L.C.,**
*Plaintiff-Appellee,*

v.

**PATRICK D. KELLY,**
*Defendant-Appellant.*

---

2011-1122

---

Appeal from the United States District Court for the Eastern District of Missouri in case no. 10-CV-1248, Judge Carol E. Jackson.

---

ON MOTION

---

# ORDER

Before RADER, *Chief Judge*, LOURIE and O'MALLEY, *Circuit Judges.*

PER CURIAM.

ARC Products, L.L.C. (ARC) moves to dismiss Patrick D. Kelly's (Kelly) appeal as improper under 28 U.S.C. § 1447(d). Kelly opposes. ARC Products replies.

This appeal stems from a complaint that ARC originally filed in the Twenty-First Judicial Circuit Court of Missouri asserting claims of legal malpractice, negligent misrepresentation, breach of fiduciary duty and breach of contract against Kelly. Kelly represented ARC before the U.S. Patent and Trademark Office in the prosecution of a patent application for two plastic transportation devices. ARC's complaint specifically alleges that due to Kelly's negligence ARC was forced to forgo the application with respect to one of the devices.

Kelly removed the case to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1441. The ground for removal asserted by Kelly was that the complaint was based in part on a federal question pursuant to 28 U.S.C. § 1338. According to Kelly, ARC's malpractice suit hinges on a determination of the validity of its patent application in light of the existence of a previously-patented similar device. Because prior art and novelty are at issue, Kelly contends that the case requires resolution of substantive issues of patent law.

ARC moved the federal district court to remand the case to state court. ARC disputed that its claims, which relate to failure to comply with procedural deadlines, allegations of misrepresentation and breach of contract, raise a substantive federal issue. The district court granted the motion determining that "plaintiff's claims do not 'arise under' federal patent law and they do not depend on resolution of any substantial question of federal patent law . . . [and] therefore . . . there is no federal jurisdiction[.]"

This court has recently issued decisions that appear to directly undermine the district court's jurisdictional determination. *See Davis v. Brouse McDowell, L.P.A.*, 596 F.3d 1355, 1361 (Fed. Cir. 2010) (holding that federal patent law jurisdiction over alleged negligence with regard to

preparing and filing applications before the PTO is proper if to succeed the plaintiff must establish it would have received a patent but for the alleged negligence); *see also Warrior Sports, Inc. v. Dickinson Wright, P.L.L.C.*, 631 F.3d 1367 (Fed. Cir. 2011). Nonetheless, we agree with ARC that this court is precluded from exercising jurisdiction over the district court's remand order.

Congress has placed broad restrictions on the power of federal appellate courts to review district court orders remanding removed cases to state courts. *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995). The general statutory provision governing the reviewability of remand orders is 28 U.S.C. § 1447(d), which states in relevant part: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." The Supreme Court has explained that "[a]s long as a district court's remand is based on . . . lack of subject matter jurisdiction — the grounds for remand recognized by § 1447(c) — a court of appeals lacks jurisdiction to entertain an appeal of the remand order under § 1447(d)." *Things Remembered*, 516 U.S. at 127-28.

In its remand order, the district court made clear that the basis for removal was for lack of subject matter jurisdiction. The court resolved the parties' dispute in light of the Supreme Court's jurisdictional test for whether the case "arises under" the federal patent statute. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988). The court further explained that in light of its analysis that the complaint did not raise a substantive issue of patent law, "there was no federal jurisdiction." We have no authority to reverse or affirm the merits of the court's decision beyond a determination of the court's characterization of its remand as resting upon lack of subject-matter jurisdiction. *See Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 234 (2007); *see also*

*Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 351 (1976) ("Congress immunized from all forms of appellate review any remand order issued on the grounds specified in § 1447(c), whether or not that order might be deemed erroneous by an appellate court.").

Accordingly,

IT IS ORDERED THAT:

(1) The motion is granted. The appeal is dismissed.

(2) Each side shall bear its own costs.

(3) All other pending motions are moot.

FOR THE COURT

MAY 25 2011
_____
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: James C. Ochs, Esq.
    Patrick D. Kelly

s19

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAY 25 2011

JAN HORBALY
CLERK