**IN RE: William B. HENNESSY, Louise A. Hennessy, Debtors.**

**Louise A. Hennessy, et al., Plaintiffs,**

v.

**Muirfield Association, Inc., et al., Defendants.**

Case No. 14–50812
Adv. Pro. No. 14–2328

United States Bankruptcy Court, S.D. Ohio, Eastern Division.

Signed September 28, 2015

James E. Nobile, Nobile & Thompson Co., L.P.A., Hilliard, OH, for Plaintiffs.

Magdalena E. Myers, Kaman & Cusimano, David A. Wallace, Columbus, OH, for Defendants.

### ORDER DISMISSING CROSS–CLAIM OF SELECT PORTFOLIO SERVICING, INC.

C. Kathryn Preston, United States Bankruptcy Judge

In the course of this adversary proceeding, defendant Select Portfolio Servicing, Inc. ("SPS") filed a cross-claim against defendant Muirfield Association, Inc. ("MAI") sounding in unjust enrichment (the "Cross–Claim") (Doc. # 19). Given the limited jurisdiction of this Court, the Court invited parties to file memoranda of law on the question of whether this Court has jurisdiction to hear the matter. The parties have done so (Docs. # 42 and 44 respectively). Because the dispute raised in the Cross–Claim is one between two non-debtor parties and has no impact on the bankruptcy estate, the Court does not have subject matter jurisdiction over the dispute and the Cross–Claim will be dismissed.

The facts pertinent to the issue presented are not in serious dispute and may be summarized as follows: Louise A. and/or William B. Hennessy ("Debtors") own certain residential real property located at 5874 Leven Links Court, Dublin, Ohio (the "Property"). MAI is the homeowners' as-

sociation for the development in which the Property is located. In their Schedules, Debtors represent that the value of the Property is $471,000. The Bank of New York Mellon, as Trustee for certain mortgage pass through certificates ("BONY"), holds a note and first mortgage on the Property, and is due approximately $403,000, according to Debtors' Schedules. SPS services the note and mortgage. The Property is also subject to a second mortgage securing a debt in the amount of approximately $40,000. By virtue of ownership of the Property, Debtors are members of MAI, and, among other things, are required to pay assessments for their share of common property expenses, plus reasonable collection expenses. Debtors failed to pay the assessments charged, whereupon MAI filed a certificate of lien on the Property to secure payment.

Subsequently, SPS (or its affiliates) filed a foreclosure action against Debtors for default of the note and mortgage; SPS named MAI as a defendant in the foreclosure action along with Debtors. MAI filed a cross-claim in the foreclosure action to foreclose its still-unsatisfied lien. Debtors entered into a loan modification agreement with SPS which resolved the default on the mortgage loan, and SPS has taken no further action in the foreclosure case. However, Debtors failed to resolve MAI's cross-claim in the foreclosure case. MAI proceeded to obtain a judgment against Debtors and cause a judicial sale of the Property to be scheduled for February 14, 2014. To avoid foreclosure sale of the Property, SPS approached MAI with a payment proposal. They entered into an agreement whereby SPS agreed to pay MAI the amount due under its lien. MAI agreed, upon receipt of payment, to withdraw its request to sell the Property at sheriff's sale and file a notice of satisfaction of the lien.

Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on February 13, 2014. By virtue of 11 U.S.C. § 362, the filing of the petition for relief operated as a stay of the foreclosure sale. Debtors claimed their interest in the Property exempt on Schedule C filed at the time of commencement of the case. Neither the Trustee nor any other party in interest interposed an objection. Notwithstanding the automatic stay, on February 20, 2014, SPS sent MAI a check in the amount of $10,634.27 to satisfy MAI's lien. MAI released its lien on the Property.

In December 2014, Debtors filed a complaint commencing this adversary proceeding alleging that SPS violated the automatic stay by issuing the check to MAI, and that MAI and its legal counsel Kaman & Cusimano, LLC violated the automatic stay by accepting payment for satisfaction of MAI's lien. SPS filed an Answer and Cross–Claim (Doc. # 40) asserting the Cross–Claim against MAI for unjust enrichment and seeking return of the amount paid.

28 U.S.C. § 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Furthermore, 28 U.S.C. § 157(a) provides that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." The United States District Court for the Southern District of Ohio has elected to refer all bankruptcy matters to the bankruptcy judges for this district.

 Notwithstanding the broad grant of jurisdiction contained in 28 U.S.C. § 1334(b), it is well established that this

jurisdictional grant is not without limit. *Pacor, Inc. v. Higgins (In re Pacor),* 743 F.2d 984, 994 (3d Cir.1984)[1] *overruled on other grounds by Things Remembered, Inc. v. Petrarca,* 516 U.S. 124, 134–35, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995). "Congress intended to grant comprehensive jurisdiction to the bankruptcy courts so that they might deal efficiently and expeditiously with all matters connected with the bankruptcy estate." *Id.* (citations omitted). However, for subject matter jurisdiction to exist under 28 U.S.C. § 1334(b), "there must be some nexus between the 'related' civil proceeding and the title 11 case." *Id.* Within the contours of 28 U.S.C. § 1334, "the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Mich. Emp't Sec. Comm'n v. Wolverine Radio Co. Inc. (In re Wolverine Radio Co.),* 930 F.2d 1132, 1142 (6th Cir.1991) (citing *Pacor,* 743 F.2d at 994). Additionally, "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) *and* which in any way impacts upon the handling and administration of the estate." *Id.* (emphasis added). Nonetheless, the Sixth Circuit Court of Appeals has recognized and cautioned us that "situations may arise where an extremely tenuous connection to the estate would not satisfy the jurisdictional requirement." *Id.* (citations and internal quotation marks omitted).

■ In this matter, the SPS' state law claims against the MAI do not have a sufficient relationship to the "estate being administered in bankruptcy." *Wolverine Radio,* 930 F.2d at 1142. First, neither of these parties is the debtor in the bankruptcy case. Second, the Cross–Claim is an action that could exist between these parties outside of the bankruptcy arena. Moreover, this action does not involve property of the bankruptcy estate: Although the Property was initially property of the bankruptcy estate, 11 U.S.C. § 541(a)(1), Debtors have claimed their interest in the Property exempt and their exemption covers the entire equity in the Property over and above the encumbrances. Inasmuch as there were no objections to their claim of exemption, the Property is effectively no longer property of the bankruptcy estate. 11 U.S.C. § 522($l$); 3 Norton Bankr.L. & Prac.3d § 56:9 (2015).

Depending on the outcome of the Cross–Claim, the amount of any claim of SPS or MAI may change, but this will have no impact on the bankruptcy estate. Neither party has filed a proof of claim; therefore, they will not be participating in any distribution from the bankruptcy estate. As such, simple alteration of the amount of claims of these two entities is too tenuous a connection to implicate bankruptcy court jurisdiction. Even if one or both of them had filed proofs of claim, the resolution of the Cross–Claim could only result in a substitution of one claimant for another. *See Farah v. Richards (In re Farah),* 278 B.R. 737, 742 (Bankr.D.N.J.2002). Again, too tenuous a connection to implicate bankruptcy court jurisdiction. The situation presented is no different than a creditor pursuing collection from a co-obligee or personal guarantor of the debtor's liabili-

---

1. The *Pacor* court was construing 28 U.S.C. § 1471 (1982), the predecessor to 28 U.S.C. § 1334. Congress enacted the current jurisdictional scheme in the Bankruptcy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98–353 (1984). The provisions of 28 U.S.C. § 1471 are largely contained in § 1334. *Pacor,* 743 F.2d at 987 n. 4. But as noted by the *Pacor* court, "the particular changes, terminology, and renumbering of sections [did not] make substantive changes in the statutes . . . ." *Id.*

ty—a matter over which this Court clearly would not have jurisdiction.

SPS insists that this Court should hear the Cross–Claim, positing that resolution of the Cross–Claim will have an effect on the bankruptcy estate because it will bear on "debtor's rights, liabilities, options, or freedom of action." *Pacor*, 743 F.2d at 994. SPS suggests that, if it is successful on the Cross–Claim, the impact could take the form of MAI reasserting its lien on the Property, and that such action could be contested by Debtors. But SPS is not in a position to definitively state what action MAI might take. An action or event or result that is a mere possibility, is too tenuous to implicate bankruptcy court jurisdiction. *Pacor*, 743 F.2d at 994–95. Furthermore, any impact on Debtors must be coupled with "impact[ ] upon the handling and administration of the estate." *Id.* As indicated above, there is little, if any, impact to the bankruptcy estate illustrated. Additionally, Debtors have sought relief under Chapter 7, the liquidation provisions of the Bankruptcy Code, rather than Chapter 11, 12 or 13, the reorganization provisions of the Code. Therefore, it cannot be said that reorganization of Debtors' financial affairs will affected by resolution of the merits of SPS' claim. The outcome of the dispute between the SPS and MAI does not determine any "rights, liabilities or course of action of the [estate]," affect assets or liabilities of the estate, or otherwise bind the bankruptcy estate. Thus, the jurisdictional requirement is not met.

In accordance with the foregoing, it is

**ORDERED and ADJUDGED** that the Cross–Claim of SPS is dismissed.

**IT IS SO ORDERED.**