**No. 24-5209**                                          **September Term, 2024**

**1:23-cv-02095-CRC**

**Filed On:** August 22, 2025

Keith P. Sequeira and Helen D. Sequeira,

      Appellants

    v.

Federal Deposit Insurance Corp., as Receiver
for Washington Mutual Bank, N.A.,

      Appellee


**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Henderson, Wilkins, and Garcia, Circuit Judges

**J U D G M E N T**

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's August 15, 2024 order be affirmed. The district court correctly dismissed the complaint for lack of jurisdiction because appellants failed to administratively exhaust their claims. See Am. Nat. Ins. Co. v. FDIC, 642 F.3d 1137, 1141 (D.C. Cir. 2011) (explaining that administrative exhaustion requirement is jurisdictional under Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA")). Appellants emailed a proof of claim to the Federal Deposit Insurance Corporation's ("FDIC") former outside counsel. Regardless of the FDIC's statement in its district court motion that it would treat appellants' email as having been sent directly to the agency, the email did not constitute a proper filing of a claim because the FDIC allows for filing a claim only by uploading documents through its website or via mail or fax. See 12 U.S.C. § 1820(g) (allowing FDIC to prescribe relevant regulations); 12 C.F.R. § 380.34(b) (stating that a claim is deemed filed when it is filed via mail, fax, or website "in accordance with the instructions established" by FDIC). Appellants do not dispute that they failed to file a claim through any of the permissible avenues. Accordingly, they did not administratively exhaust their claims as required by FIRREA. Moreover, the district court did not err in considering matters

outside the pleadings when determining whether it had jurisdiction over the complaint. See Haase v. Sessions, 835 F.2d 902, 907 (D.C. Cir. 1987); Jerome Stevens Pharms., Inc. v. Food & Drug Admin., 402 F.3d 1249, 1253 (D.C. Cir. 2005). Additionally, because appellants' proposed amended complaint did not cure the jurisdictional defect and appellants' "counterclaims" and third-party claims were against entities that are not parties to this case, the district court did not abuse its discretion in denying appellants leave to amend the complaint. See Hettinga v. United States, 677 F.3d 471, 480 (D.C. Cir. 2012) (district court may deny motion to amend complaint where amendment would be "futile"). Finally, this court has jurisdiction to review the district court's remand order because it was not "based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction." See Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127-28 (1995). The district court properly remanded the removed action to New Jersey state court because a case may be removed only to "the district court of the United States for the district and division embracing the place where such action is pending," 28 U.S.C. § 1441(a), and the removed case had not been pending in the District of Columbia courts.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**